**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Albert AMBARTSUMYAN,**
**Defendant—Appellant.**

No. 01–50458.

D.C. No. CR–00–00026–LGB–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Jan. 14, 2003.

Before REINHARDT, O'SCANNLAIN and PAEZ, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM *

Albert Ambartsumyan appeals his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He contends that the evidence was insufficient for the jury to find that he "knowingly possessed" the gun.

Because we conclude that there was sufficient evidence in the record to support a finding of constructive possession, we affirm.

I.

We review Ambartsumyan's claim of insufficiency of the evidence for plain error, and hold that it was not plain error for the district court to convict Ambartsumyan of being a felon in possession. *See United States v. Carpenter*, 95 F.3d 773, 775 (9th Cir.1996) (noting that when a defendant fails to renew his motion for judgment of acquittal at the close of all the evidence, we review his claim of insufficiency of the evidence for plain error rather than *de novo* (citing *United States v. Oliver*, 60 F.3d 547, 551 (9th Cir.1995))).

The government may prove the element of possession by showing actual, constructive, or joint possession. *See United States v. Carrasco*, 257 F.3d 1045, 1049 (9th Cir.2001); *United States v. Shirley*, 884 F.2d 1130, 1134 (9th Cir.1989). Here, the officers found the gun in a linen closet, so Ambartsumyan did not have actual possession of the gun at the time of the search. Ambartsumyan, however, did have constructive possession of the gun because he had knowledge of the gun, admitted that he had held it, and had dominion and control over the apartment in which the officers found the gun. *See United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990) (holding that even though

there was no evidence defendant had touched the gun, he had constructive possession of it because he knew of its location in his home and had unbridled access to it). Because the evidence was sufficient to establish that Ambartsumyan had constructive possession of the gun, it was not plain error for the jury to convict Ambartsumyan of being a felon in possession.

## II.

■ Ambartsumyan also contends that the district court erred by admitting into evidence as a prior consistent statement handwritten notes that Special Agent Moser took during his post-arrest interview with Ambartsumyan. He argues that the notes were unduly prejudicial and did not qualify as a prior consistent statement because he never suggested that Special Agent Moser fabricated his testimony or had an improper motive. We review the admission of evidence under a hearsay exception and over a Federal Rule of Evidence 403 objection for an abuse of discretion. *See United States v. Hernandez–Herrera,* 273 F.3d 1213, 1217 (9th Cir. 2001) (citing *United States v. Olafson,* 213 F.3d 435, 441 (9th Cir.2000)); *see also United States v. Varela–Rivera,* 279 F.3d 1174, 1178 (9th Cir.2002).

The district court did not abuse its discretion by admitting the notes as a prior consistent statement. Ambartsumyan's attorney challenged the veracity of Special Agent Moser's testimony at trial by asking why he did not tape record the interview with Ambartsumyan or produce witness statements. We agree with the district court that defense counsel's questions suggested that Special Agent Moser's testimony was not accurate, and in essence sought to impeach him. We also agree with the district court that admission of the redacted notes was not unduly prejudicial under Federal Rule of Evidence 403. It there-

fore was not an abuse of discretion for the district court to admit Special Agent Moser's redacted notes to show that his testimony accurately reflected Ambartsumyan's statements during the post-arrest interview.

## III.

■ Ambartsumyan's final argument is that the district court erred by giving the jury an instruction on momentary possession because there was no evidence that anyone saw him handle the gun. Moreover, Ambartsumyan was concerned that a momentary possession jury instruction would dilute the "knowing possession" element of § 922(g).

We review a district court's formulation of jury instructions for an abuse of discretion. Because the evidence was sufficient to establish that Ambartsumyan had constructive possession of the gun, the district court did not abuse its discretion by giving the challenged instruction.

AFFIRMED.