**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Aaron K. SHARPE, Defendant—Appellant.**

Nso. 03–30488, 03–30490.
D.C. No. CR–03–00034–a–JMF, CR–03–00035–a–JMF.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted April 7, 2005.

Decided May 4, 2005.

USAK—Office of The U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Lance C. Wells, Law Offices of John C. Pharr, Anchorage, AK, for Defendant–Appellant.

Before CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Aaron Sharpe appeals his jury conviction because he claims that insufficient evidence supports his convictions for possessing a firearm during a drug trafficking crime and being a felon in possession of a firearm. He also disputes the district court's supplemental jury instruction defining possession. Finally, Sharpe appeals his sentence under the Armed Career Criminal Act. He contends that we should vacate his sentence and remand because (1) the government failed to establish on the record that his prior burglary convic-

tions qualify as violent felonies and (2) *Booker* requires resentencing. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

The jury's verdicts are supported by sufficient evidence under the *Jackson* standard of review. When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution and determine whether any rational jury could have found Sharpe guilty beyond a reasonable doubt. *See United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Sharpe disputes the sufficiency of the evidence only with respect to the firearm possession element in counts 1 and 2. The possession element is satisfied by actual, joint, or constructive possession. *See United States v. Carrasco,* 257 F.3d 1045, 1049–50 (9th Cir.2001) (discussing possession element of section 922(g)). There is sufficient evidence of constructive possession. Constructive possession means "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the firearms." *Id.* at 1049 (quotation marks omitted). "In the more difficult situation where the premises are shared by more than one person, [there is constructive possession] if a party has knowledge of the weapon and both the power and the intention to exercise dominion and control over it[.]" *Id.* (quotation marks omitted).

The jury heard all of the following: Sharpe was the sole renter of the trailer; he paid the bills associated with the trailer; he frequented the trailer (albeit sometimes

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.

with others); the weapon sat, loaded, slightly behind the front door of the trailer; and Sharpe's fingerprint was on the weapon. We conclude that a rational trier of fact could have found possession beyond a reasonable doubt. *See, e.g., United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990) (holding that evidence was sufficient under *Jackson*'s deferential standard of review because police found the gun on the defendant's side of a closet that he shared with his wife and he had access to the weapon).

## II. SUPPLEMENTAL JURY INSTRUCTION ON POSSESSION

 The district judge did not abuse his discretion when he gave the jury a supplemental instruction on possession in response to its question. *See, e.g., United States v. McIver*, 186 F.3d 1119, 1130 (9th Cir.1999) (stating standard). The trial evidence suggested that Sharpe had been seen entering and exiting the trailer with others. Under these circumstances, the joint possession instruction was not an abuse of discretion.

## III. ARMED CAREER CRIMINAL ACT SENTENCE ENHANCEMENT

### A. Prior Burglary Convictions

■ Sharpe has not shown that the application of the Armed Career Criminal Act sentence enhancement affected his substantial rights.[1] He has not met his burden of showing that vacating and remanding might result in a different sentence. He has made *no* showing that his burglaries do not qualify for the enhancement under the modified categorical approach. *See Taylor v. United States*, 495

1. We review for plain error Sharpe's claim that the record does not support his Armed Career Criminal Act enhancement. *See Unit-*

U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (holding that the categorical or modified categorical approach is used to determine whether a state burglary conviction qualifies under the Act).

### B. *Booker*

■ Sharpe raises a *Booker* claim in a letter brief, arguing that his Armed Career Criminal Act enhancement violates the Sixth Amendment. It does not. The law has not changed with respect to recidivism enhancements. *See Almendarez–Torres v. United States*, 523 U.S. 224, 239–40, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Moreno–Hernandez*, 397 F.3d 1248, 1255 n. 8 (9th Cir.2005).

**AFFIRMED.**

*ed States v. Pimentel–Flores,* 339 F.3d 959, 967 (9th Cir.2003) (using plain error review,

instead of de novo review, because the defendant did not object below).

