**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael CARRASCO, Defendant–**
**Appellant.**

No. 00–10224

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2001

Filed July 23, 2001

George C. Boisseau, Santa Rosa, California, for the defendant-appellant.

Haywood S. Gilliam, Jr., Assistant United States Attorney, Narcotics Division, San Francisco, California, for the plaintiff-appellee.

Before: SCHROEDER, Chief Judge, and LAY,* and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Defendant Michael Carrasco appeals his conviction for being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1). Carrasco contends that: (1) the trial court erred in admitting evidence that Carrasco was engaged in drug trafficking, (2) insufficient evidence supports the finding that Carrasco constructively possessed the firearm or ammunition, (3) the trial court erred in instructing the jury on the theory of joint possession, (4) the superseding indictment violated the Speedy Trial Act, and (5) section 922(g)(1) is unconstitutional on its face. For the reasons stated below, we affirm the conviction.

## BACKGROUND

San Francisco Police Department Officers Matthew Faliano and David Garcia pulled over Carrasco for driving with expired registration tags. Carrasco was in the driver's seat. Brian Burgess was in the front passenger seat. After some preliminary questions, Officer Faliano asked Carrasco if he had any weapons or anything else in the car potentially harmful to the officer. Carrasco leaned out the driv-

---

* The Honorable Donald L. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

er's side window and said in a soft voice that there was a gun under the front passenger seat of the car. Officer Faliano ordered Carrasco and Burgess out of the car.

Officer Faliano found, under the passenger seat, a black bag containing an unloaded .44 caliber revolver and several rounds of .44 caliber ammunition. He also saw two partially full boxes of Remington .20 gauge shotgun shells on the center console between the passenger seat and the driver's seat. In the back seat of the car, underneath a jacket, was a small black scale with the residue of several narcotics, a bag full of pink baggies, a pink baggie containing a white substance (later determined not to be a controlled substance), and a glass methamphetamine pipe. When Carrasco stepped out of the car, Officer Garcia saw Carrasco turn around and throw the pink baggie with the white substance into the back seat. In Carrasco's pants pocket, Officer Faliano found a small amount of marijuana.

On December 1, 1998, the Government brought a criminal complaint charging Carrasco with one count for being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1). On January 4, 1999, the Government brought an original indictment charging Carrasco with violating section 922(g)(1) based on possession of the revolver. On July 19, 1999, the Government brought a superseding indictment adding the bullets and shotgun shells to the charge. The jury returned a guilty verdict on the charge in the superseding indictment.

## ANALYSIS

### I. Drug Trafficking Evidence.

■ Carrasco argues that the district court abused its discretion by admitting the scale with narcotics residue and the empty pink baggies for the purpose of showing Carrasco knowingly possessed the revolver, bullets and shotgun shells. The district court's decision to admit this evidence under Federal Rule of Evidence 404(b) is reviewed for an abuse of discretion. *See United States v. Chea,* 231 F.3d 531, 534 (9th Cir.2000).

In *United States v. Butcher,* 926 F.2d 811 (9th Cir.1991), we held that under Rule 404(b) "evidence of narcotics trafficking may be properly admitted to show knowing possession of a weapon." *Id.* at 816. The Court explained, "Firearms are known tools of the trade of narcotics dealing because of the danger inherent in that line of work." *Id.* (quotation marks omitted). When the officers in *Butcher* pulled over the defendant, they found a loaded handgun along with a large quantity of drugs and cash, scales with narcotics residue, plastic baggies and "pay and owe" sheets. The court held that the above evidence of drug trafficking was "inextricably intertwined" with the possession of the handgun and, therefore, it was properly admitted to show the defendant knowingly possessed the same. *Id.*

Carrasco, unlike the defendant in *Butcher,* only had a small quantity of drugs and money in his possession. Nevertheless, the pink baggies and the scale with drug residue found in Carrasco's vehicle are by themselves indicative of drug trafficking. Plastic baggies and scales are well-known tools for the packaging and sale of drugs. *See United States v. Savinovich,* 845 F.2d 834, 837 (9th Cir.1988) ("scales constitute one of the tools of the drug trade" and therefore "are probative of intent to distribute"); *see, e.g., Butcher,* 926 F.2d at 816 (scales and baggies are probative of drug trafficking); *United States v. Conners,* 825 F.2d 1384, 1387, 1390 (9th Cir. 1987) (same). Officer Garcia provided lay opinion testimony regarding this connection as well. Carrasco offers no explanation why a person who does not deal drugs

would carry these implements in his car. Also, the nexus between the drug trafficking evidence and the firearm and ammunition is sufficient. The officers found the scale, plastic baggies, revolver, bullets, and shotgun shells at the same time in the same place, specifically, in Carrasco's vehicle after he had been driving it.

To mitigate the danger of unfair prejudice resulting from the admission of the drug trafficking evidence and Officer Garcia's testimony regarding the same, the trial court instructed the jury to consider such evidence "only as it bears on whether the Defendant knowingly possessed the firearm and ammunition described in the indictment." The prosecutor reiterated this admonition in closing argument. In addition, as discussed in the next section, the Government presented strong evidence that Carrasco possessed the shotgun shells, which further undercuts Carrasco's claim of prejudice.[1] Under these circumstances, the trial court properly concluded that the danger of unfair prejudice did not substantially outweigh the probative value of this evidence. *See* Fed.R.Evid. 403.

Accordingly, the district court did not abuse its discretion in admitting the scale and baggies for the purpose of showing that Carrasco knowingly possessed the revolver, bullets and shotgun shells.

## II. Constructive Possession.

■ Carrasco argues that there is insufficient evidence to support the finding that he constructively possessed the revolver, bullets or shotgun shells. Because Carrasco failed to raise this challenge below, we review for plain error. *See United States v. Archdale*, 229 F.3d 861, 867 (9th Cir. 2000).

■ A showing of actual, constructive or joint possession is sufficient to establish the possession element of a section 922(g) offense. *United States v. Shirley*, 884 F.2d 1130, 1134 (9th Cir.1989). "To prove constructive possession, the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the firearms." *United States v. Gutierrez*, 995 F.2d 169, 171 (9th Cir.1993) (quotation marks, alterations omitted). "In the more difficult situation where the premises are shared by more than one person, the Ninth Circuit has found that if a party has knowledge of the weapon and both the power and the intention to exercise dominion and control over it, then he has constructive possession." *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990). "Mere proximity to contraband, presence on property where it is found and association with a person or persons having control of it are all insufficient to establish constructive possession." *Id.* at 279 (quotation marks, alterations omitted).

With respect to the shotgun shells, the Government points out that Carrasco was the owner as well as the driver of the vehicle in which the shells were found. In addition, the shells were readily visible, identifiable and accessible to Carrasco, according to Officer Garcia. Officer Garcia testified that he found the two boxes of shells on a lidless console between the driver seat and front passenger seat with the "Remington" label facing up. Also, as discussed in the previous section, the drug trafficking evidence further supports the inference that Carrasco knew about the shells. The evidence is sufficient to support the jury's finding that Carrasco knew of the shotgun shells, had the power to exercise control over them, and had the

---

1. While there was no shotgun in the car, it is unlawful for a convicted felon to possess ammunition. *See* 18 U.S.C. § 922(g)(1).

intention to do so. *See Terry,* 911 F.2d at 278. That Burgess had equal access to the shells does not require a different conclusion. *See United States v. Whitfield,* 629 F.2d 136, 143 (D.C.Cir.1980) (upholding firearms conviction against the owner/driver of the car, but not the passenger, because the "jurors could conclude that [the defendant], as the owner and operator of the car, had control over its contents, particularly items within easy reach of the driver's seat").

Accordingly, the jury did not plainly err in finding that Carrasco constructively possessed the two boxes of shotgun shells.[2]

### III. Joint Possession Instruction.

 Carrasco argues that the evidence in the record was insufficient to warrant a jury instruction on joint possession. The instruction provided: "More than one person can be in possession of something if each knows of its presence and has the power and intention to control it." It is undisputed that this is a correct statement of the law. Whether the required factual foundation exists to support a requested jury instruction is reviewed for an abuse of discretion. *United States v. Hairston,* 64 F.3d 491, 493 (9th Cir. 1995).

Defense counsel presented the evidence and argument justifying the joint possession instruction. Carrasco's counsel argued to the jury that Burgess, not Carrasco, possessed the revolver, and erroneously implied that possession could not attach to both. (He made a similar, albeit less direct, argument with respect to the shotgun shells.) Defense counsel highlighted that both Carrasco and Burgess occupied the vehicle with the firearm and ammunition, and that both Carrasco and Burgess had equal access to the shotgun shells. In addition, Carrasco testified that Burgess was the one who brought the revolver into the car. Carrasco's evidence and his counsel's argument that Burgess possessed the firearm and ammunition, when considered in conjunction with the Government's evidence and argument that Carrasco possessed these items, provide a sufficient factual foundation for the joint possession instruction. It was proper for the district court to inform the jury that possession by one person does not necessarily preclude possession by another. *See United States v. Tirrell,* 120 F.3d 670, 676 (7th Cir.1997); *United States v. Aldaco,* 201 F.3d 979, 990 (7th Cir.2000); *United States v. Chesney,* 86 F.3d 564, 573 (6th Cir.1996).

Accordingly, the district court did not abuse its discretion in providing the joint possession instruction.

### IV. Speedy Trial Act.

 Carrasco argues that the Government violated the Speedy Trial Act by alleging in the superseding indictment that Carrasco possessed the bullets and shotgun shells in violation of 18 U.S.C. § 922(g)(1). As Carrasco never filed a motion to dismiss on this ground, he contends that the trial court committed plain error. Carrasco also packages this claim as one for ineffective assistance of counsel based on his attorney's failure to move to dismiss the indictment pursuant to the Speedy Trial Act.[3]

---

**2.** It is less clear whether there is sufficient evidence to support a finding that Carrasco constructively possessed the revolver and bullets under the front passenger seat. However, as mentioned above, the shells by themselves are sufficient to sustain the conviction under section 922(g)(1).

**3.** Ineffective assistance claims are usually inappropriate on direct appeal. *United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000). However, review is proper if the record is sufficiently developed or it is obvious that the legal representation was inadequate. *Id.*

The Speedy Trial Act gives the Government thirty days to indict a defendant on charges alleged in the criminal complaint. The Act states:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. § 3161(b). If the Government fails to indict a defendant within thirty days on the charges alleged in the criminal complaint, such charges must be dismissed. As section 3162(a)(1) provides:

If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) ..., such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

On December 1, 1998, the Government brought a criminal complaint charging Carrasco with being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1). The attached affidavit stated, among other things, that the officers found a .44 caliber revolver, .44 caliber bullets and .20 gauge shotgun shells in Carrasco's car at the time of his arrest. On January 4, 1999, the Government brought a timely original indictment charging Carrasco with violating section 922(g)(1) based on possession of the revolver only. On July 19, 1999, well beyond the thirty-day arrest-to-indictment period, the Government brought a superseding indictment adding the bullets and shotgun shells to the charge.

■ Carrasco argues that, because the allegation that he possessed bullets and shotgun shells was introduced in the complaint and omitted from the original indictment, it could not be reasserted in the superseding indictment without violating the Speedy Trial Act. The Government's principal response is that the criminal complaint never actually charged Carrasco with possession of the ammunition and, therefore, the requirements of the Speedy Trial Act do not apply. *See United States v. Heldt,* 745 F.2d 1275, 1280 (9th Cir.1984) ("Charges not included in the original complaint are not covered by the Act[.]"); *United States v. Pollock,* 726 F.2d 1456, 1462 (9th Cir.1984) ("[W]hen the government fails to indict a defendant within 30 days of arrest, section 3162(a)(1) requires dismissal of only the offense or offenses charged in the original complaint."). The Government explains that the reference to the ammunition in the affidavit supporting the criminal complaint cannot be considered part of the section 922(g)(1) charge because the jurisdictional element (*i.e.,* travel in interstate commerce) was only alleged with respect to the revolver.

The Government reads the criminal complaint too narrowly. On its face, the complaint did not specify the items Carrasco was alleged to have illegally possessed; it merely charged him with violating section 922(g)(1) (felon in possession of any firearm or ammunition). The supporting affidavit stated that the officers discovered the revolver, bullets, and shotgun shells in Carrasco's car. As the complaint charged Carrasco with being a felon in possession of a firearm or ammunition, and the supporting affidavit identified the particular firearm and ammunition Carrasco allegedly possessed (*i.e.,* the revolver, bullets and shotgun shells), we conclude that the charge in the criminal complaint fairly encompassed the revolver, bullets and shotgun shells. *Cf. United States v. Palomba,* 31 F.3d 1456, 1463 (9th Cir.1994) (holding that complaint was sufficiently broad to encompass acts alleged in superseding indictment even though complaint did not specifically identify such acts).

It does not follow, however, that because the ammunition allegation was introduced in the complaint, omitted from the original indictment, and reasserted in the superseding indictment, that the Government violated the Speedy Trial Act. Carrasco has only demonstrated that the original indictment omitted a *factual allegation supporting the charge* in the complaint. He has not demonstrated that *the charge itself* was omitted from the original indictment, as required to show a Speedy Trial Act violation under these circumstances.

The Speedy Trial Act requires the Government to indict the defendant within thirty days on the "charge" or "offense" contained in the complaint. *See* 18 U.S.C. § 3162(a)(1); *Pollock,* 726 F.2d at 1462; *Heldt,* 745 F.2d at 1280. Here, the Government asserted the same, single charge in the complaint and the original indictment—one count against Carrasco for being a felon in possession of any firearm or ammunition in violation of 18 U.S.C. § 922(g)(1) based on contraband discovered in Carrasco's car at the time of his arrest. The complaint did not charge Carrasco with three separate counts under section 922(g)(1), *i.e.,* one for possession of the revolver, one for possession of the bullets, and one for possession of the shotgun shells. Nor could it have. Subject to limitations inapplicable here, the Government cannot charge a defendant with multiple counts under section 922(g)(1) for possession of multiple firearms/ammunition when such firearms/ammunition are discovered at the same time and place. *United States v. Keen,* 104 F.3d 1111, 1119–20 (9th Cir.1996) (as amended).

Because the Government indicted Carrasco within thirty days on the charge contained in the complaint, the original indictment tolled the thirty-day time period. *See United States v. McCown,* 711 F.2d 1441, 1448 (9th Cir.1983); *United*

*States v. Berry,* 90 F.3d 148, 151 (6th Cir.1996). Therefore, the superseding indictment, which was issued while the original indictment was pending and which reasserted the same charge, was timely. *Id.*

The Fifth Circuit addressed a similar situation in *United States v. Perez,* 217 F.3d 323 (5th Cir.), *cert. denied,* 531 U.S. 973, 121 S.Ct. 416, 148 L.Ed.2d 321 (2000). There, the criminal complaint charged the defendant with harboring undocumented aliens in violation of 8 U.S.C. § 1324(a)(1) and 18 U.S.C. § 2. The charge arose out of the raid of a house and the discovery of twenty-four undocumented aliens, whose names were listed in the affidavit attached to the complaint. The timely-filed original indictment alleged that the defendant harbored Caletre–Flores, one of the twenty-four aliens. The superseding indictment, filed more than thirty days after the defendant's arrest, substituted the names of Aguilar–Jimenez and Chevez–Nolasco, two other aliens identified in the complaint, for Caletre–Flores. *Id.* at 324–25.

The defendant in *Perez* contended that the Government violated the Speedy Trial Act by introducing the names of Aguilar–Jimenez and Chevez–Nolasco in the complaint, omitting these names from the original indictment, and reasserting them in the superceding indictment. The Fifth Circuit disagreed. It held that the original indictment satisfied the thirty-day arrest-to-indictment rule, despite the change of names, because it asserted the same charge contained in the complaint. Specifically, the complaint and the original indictment charged the same defendant with violating the same statute based on the same raid of the same house. *Id.* at 328–29. The original indictment, therefore, tolled the thirty-day time period and the superseding indictment, based on the same

statute and same general circumstances, was timely. *Id.* at 329. For the same reason the Government in *Perez* could seek a conviction for harboring aliens based on names omitted from the original indictment, the Government here could seek a felon-in-possession conviction based on the ammunition allegation omitted from the original indictment.

This conclusion is consistent with *Palomba*, 31 F.3d 1456, upon which Carrasco principally relies. In *Palomba*, the complaint included mail fraud charges, as well as other charges, arising from the defendant's alleged surety scheme. The timely original indictment omitted the mail fraud charges. The superseding indictment, filed more than thirty days after the arrest, reasserted them. The Government argued that, although it forfeited the opportunity to bring the mail fraud charges alleged in the complaint, the mail fraud charges alleged in the superseding indictment were new and distinct as they involved different mailings and different misrepresentations. *Id.* at 1463. We rejected this argument, concluding that the complaint was sufficiently broad to encompass the misrepresentations identified in the superseding indictment. As such, we held that the reassertion of the mail fraud charges in the superseding indictment violated the Speedy Trial Act. *Id.* at 1463–64. Unlike the mail fraud charges in *Palomba*, the felon-in-possession charge here was asserted in a timely original indictment, as discussed above. Therefore, the reassertion of the same charge in the superseding indictment did not violate the Speedy Trial Act.

Accordingly, we conclude that the Government's inclusion of the ammunition allegation in the superseding indictment did not violate the Speedy Trial Act. Therefore, the trial court did not commit plain error by failing to dismiss the superseding indictment and Carrasco's counsel did not render ineffective assistance by failing to move for the same.

## V. Constitutional Challenge.

 This court recently rejected the argument, which Carrasco now presents, that Congress exceeded its authority under the Commerce Clause in enacting 18 U.S.C. § 922(g)(1). *See United States v. Davis*, 242 F.3d 1162 (9th Cir.2001) (per curiam), *petition for cert. filed*, (U.S. June 18, 2001) (No. 00–10772). Accordingly, Carrasco's constitutional challenge to the statute must fail.

AFFIRMED.