**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John F. OLIVER, Defendant— Appellant.**

**No. 01–10329.**
**D.C. No. CR–00–00050–MJJ.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2002.[*]

Decided Aug. 22, 2002.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before HAWKINS, SILVERMAN, Circuit Judges, and RESTANI, Judge.**

** The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

MEMORANDUM ***

A jury convicted appellant John F. Oliver of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and possession of methamphetamine, 21 U.S.C. § 844(a). Oliver appeals only the felon in possession charge. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Because the parties are familiar with the facts, we will not recount them in detail except as necessary. Oliver argues that the district court erred by receiving in evidence the opinion testimony of Mendocino County Sheriff Sergeant Bruce Smith. The testimony in issue consisted of Smith's opinion that various items found in Oliver's car were consistent with "poaching"—an illegal, two-person form of hunting. We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Hankey,* 203 F.3d 1160, 1166 (9th Cir. 2000). "Evidentiary rulings will be reversed for abuse of discretion only if such nonconstitutional error more likely than not affected the verdict." *Id.* at 1167.

Oliver's arguments concerning the Smith testimony boil down to two: First, Oliver contends that Smith was not qualified to express an opinion about the combined significance of the various items found in Oliver's truck. Under Fed.R.Evid. 702, Smith was shown to have the requisite knowledge, training and experience as an investigator of fish and game violations to qualify him to express an opinion on the matters about which he was asked, and thus any error was not reversible. *See United States v. Mendoza,* 244 F.3d 1037, 1046 (9th Cir.2001); *United States v. Figueroa–Lopez,* 125 F.3d 1241, 1247 (9th Cir.1997).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Secondly, Oliver argues that Smith's testimony about poaching was irrelevant for two reasons. He contends that under Fed.R.Evid. 404(b), the poaching testimony was inadmissible evidence of "other crimes." We reject this argument because the testimony was received, not to prove that Oliver acted in conformity with a bad character trait, but to show how and when Oliver possessed the firearm. Such evidence was admissible because it was "inextricably intertwined" with the evidence of possession. *See United States v. Carrasco,* 257 F.3d 1045, 1049 (9th Cir. 2001).

He also argues that the testimony was irrelevant as lacking in probative value. That is, Smith's poaching testimony was immaterial and irrelevant because it required too many leaps of logic in order to infer that Oliver had possessed the rifle and ammunition earlier in the evening. It is true that Oliver was not charged with poaching, and that the government did not need to prove that Oliver intended to use the firearm for illegal purposes. It is also true that Smith's testimony did not prove that it was any more likely that Oliver held the gun than that his companion did. However, Smith's expert testimony did not have to prove the entire case. Evidence is sufficiently probative if it supplies even a small piece of the puzzle. *See* Fed.R.Evid. 401 (Evidence is relevant if it has "any tendency to make the existence of any fact ... more or less likely that it would be without the evidence."). Smith's testimony tended to prove that it was more likely than not that Oliver and his companion were poaching. That's one piece. Oliver's proximity to the ammunition found in the truck, and the statement he made about his fingerprints being found on the rifle, are the additional pieces of the puzzle. Pieced together, the evidence was probative of an inference that Oliver was in possession of the rifle, not merely holding a flashlight for someone else, or innocently giving someone a ride. Accordingly, Smith's opinion testimony served to "assist the trier of fact" as required by Fed. R.Evid. 702.

AFFIRMED.