**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Keith Eric WILEY, Defendant— Appellant.**

No. 04–30078.

United States Court of Appeals, Ninth Circuit.

Submitted July 5, 2005.*

Decided July 5, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Joe Thaggard, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Jeremy S. Yellin, Esq., Havre, MT, for Defendant–Appellant.

Before: B. FLETCHER, MCKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM **

Defendant-appellant Keith Eric Wiley appeals from his conviction by jury verdict for being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Wiley argues that there was insufficient evidence to support the conviction and that the trial court erred when it refused to give the jury a "missing witness" instruction that Wiley requested. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand in part.

As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition. Wiley argues that there was insufficient evidence to support his conviction.[1] The felon-in-possession offense requires proof of three elements: (1) that the defendant was a convicted felon; (2) that the defendant knowingly possessed a firearm; and (3) that the firearm was in or affecting interstate commerce. *United States v. Beasley,* 346 F.3d 930, 933–34 (9th Cir. 2003).

Wiley contends that no rational trier of fact could have found beyond a reasonable doubt that Wiley knowingly possessed a firearm.[2] A person may possess a firearm actually or constructively. *United States v. Carrasco,* 257 F.3d 1045, 1049 (9th Cir. 2001). To prove constructive possession of a firearm, there must be "a sufficient connection between the defen-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo claims of insufficient evidence. *United States v. Shipsey,* 363 F.3d 962, 971 n. 8 (9th Cir.2004). "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favor-

able to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

2. Wiley concedes that he is a convicted felon, and that the firearm was in or affecting interstate commerce.

dant and the [firearm] to support the inference that the defendant exercised dominion and control over the firearm[ ]." *Id.*

Here, the police recovered a firearm from under a bed in a hotel room occupied by Wiley, which itself is some evidence of Wiley's possession. Testimony submitted to the jury reinforced Wiley's connection to this gun. Kenda Eggers testified that about a week before Wiley's arrest, she observed Wiley trade drugs for a black, palm-sized handgun that matched the firearm recovered by the police. Eggers also testified that a few days after Wiley traded for the gun, Wiley attacked her, holding a gun to her head, and that the gun appeared to be the same firearm. The testimony of Eggers's minor son also supported her account of being threatened by Wiley with a black, palm-sized pistol.

Despite Wiley's testimony contradicting the version of the facts presented by Eggers and her son, we hold that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Wiley exercised dominion and control over the firearm found under a bed in the hotel room that Wiley occupied. *See United States v. Hinostroza,* 297 F.3d 924, 928–29 (9th Cir.2002) (holding that evidence of a defendant's prior possession of contraband is admissible to prove the defendant knowingly possessed the contraband at a later date); *see also United States v. Delgado,* 357 F.3d 1061, 1068 (9th Cir.2004) (holding that "the credibility of witnesses is a question for the jury, unreviewable on appeal").

▮ Wiley next argues that the district court committed reversible error when it refused to provide a "missing witness" instruction about Candace Dahl, who rented the hotel room where the firearm was found and who Wiley claimed was present during the altercation about which Eggers and her minor son testified.[3] A "missing witness" instruction permits the jury to presume that an unproduced witness would have given unfavorable testimony against the party who fails to produce the witness. *United States v. Noah,* 475 F.2d 688, 691 (9th Cir.1973). There are two prerequisites to obtaining a missing witness instruction: (1) the party seeking the instruction must show that the witness is peculiarly within the power of the party against whom the instruction is sought, *id.,* and (2) under the circumstances, "an inference of unfavorable testimony from an absent witness is a natural and reasonable one." *United States v. Bramble,* 680 F.2d 590, 592 (9th Cir.1982).

We hold that the district court did not abuse its discretion in refusing to give Wiley's requested "missing witness" jury instruction because Wiley presented no evidence showing that Dahl was "peculiarly within the power" of the United States government. *See Noah,* 475 F.2d at 691 (holding that the trial court must make a factual finding about a witness's availability before determining that the witness is peculiarly within the province of one party). That one party has greater resources than the other does not show that a witness is "peculiarly within the power" of the party with greater resources. Moreover, the circumstances of this case do not support a "natural and reasonable" inference that Dahl's testimony would be unfavorable to the government. The district court found that Dahl was not particularly important to the government's case because she was not present when Eggers witnessed Wiley receive the firearm in trade for drugs. We agree with this analysis. Wiley has not shown that the missing witness was under special control of or influ-

---

**3.** We review for abuse of discretion a district court's decision not to provide a missing witness instruction. *United States v. Bramble,* 680 F.2d 590, 592 (9th Cir.1982).

enced by the government, nor has Wiley shown that the missing witness's testimony would have substantially assisted his defense. The district court did not abuse its discretion in refusing to give Wiley's "missing witness" instruction. *See Bramble,* 680 F.2d at 592.

Finally, because Wiley has requested a remand to allow the district court to answer whether the sentence imposed would have been materially different had the district court known that the Sentencing Guidelines were advisory, we remand to the district court to allow it to consider whether it would impose the same 87–month sentence on Wiley if the Guidelines system were advisory, rather than mandatory. *See United States v. Booker,* — U.S. —, —, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005); *United States v. Ameline,* 409 F.3d 1073, 10851 (9th Cir.2005) (en banc).

**AFFIRMED IN PART, REMANDED IN PART.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts