**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Edward Lee TRIPLETT, Defendant—
Appellant.**

**No. 04–35925.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Nov. 7, 2005.

Jeffrey A. Kent, Esq., Eugene, OR, for Plaintiff-Appellee.

Dennis N. Balske, Esq., Law Office of Dennis N. Balske, Portland, OR, for Defendant-Appellant.

Before FISHER, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

Movant–Appellant Edward Lee Triplett appeals the district court's order denying his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm. Because the parties are familiar with the factual and procedural history, we do not repeat it here except to the extent necessary for our disposition.

I.

We review the district court's legal conclusions *de novo* and any underlying factual findings for clear error. *United States v. Christakis*, 238 F.3d 1164, 1168 (9th Cir.2001). When reviewing for clear error, we will accept the district court's factual findings unless "we are left with the definite and firm conviction that a mistake has been committed." *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir.1998) (en banc).

II.

A.

■ Triplett argues first that his trial counsel rendered ineffective assistance by failing to move to dismiss the count in the Second Superseding Indictment for conspiracy to manufacture, possess and distribute methamphetamine. He reasons that, although the government's complaint resulting in his arrest did not "on its face" charge Triplett with conspiracy to manu-

facture, possess and distribute methamphetamine, the complaint "must be construed in conjunction with the [attached] affidavit," in which Detective Haskins attested to Triplett's conspiring to manufacture and distribute methamphetamine. Thus, argues Triplett, because the timely original indictment did not include this charge, its later inclusion within the Second Superseding Indictment was untimely under the Speedy Trial Act.

We have repeatedly interpreted the Speedy Trial Act to mean that the government must indict the defendant on the offense or offenses actually charged in the complaint, if at all, within thirty days of his arrest or the service of summons. *See e.g.*, *United States v. Carrasco*, 257 F.3d 1045, 1052 (9th Cir.2001). Accordingly, we have distinguished charges from the underlying factual allegations supporting the charges. *See id.* at 1052 (holding in relevant part that the superseding indictment did not violate the Speedy Trial Act when the superseding indictment added a new allegation but not a new charge to the original indictment, which was timely filed).

Here, the criminal complaint charged Triplett only with "knowingly manufactur[ing] methamphetamine and knowingly possess[ing] with intent to distribute methamphetamine[ ] in violation of Title 21 United States Code, Section(s) 841(a)(1)." The Speedy Trial Act did not, therefore, obligate the government to indict Triplett of anything other than those charges within thirty days. The original indictment did so charge Triplett. The Second Superseding Indictment was filed while the original indictment was pending and contained a new charge for conspiracy to manufacture, possess, and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

841(b)(1)(A)(viii) and 846. "A charge contained in a superseding indictment which was not included in the original complaint does not violate the Speedy Trial Act." *United States v. Gastelum–Almeida*, 298 F.3d 1167, 1173 (9th Cir.2002). Accordingly, Triplett's trial counsel's failure to move to dismiss the conspiracy count on the ground that it violated the Speedy Trial Act was not "outside the wide range of professionally competent assistance" and did not "undermine confidence in the outcome" such that he rendered ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### B.

■ Triplett argues next that his trial counsel rendered ineffective assistance by failing to move to dismiss the Second Superseding Indictment as a whole on the ground that it was untimely under the Speedy Trial Act. He argues that the state prosecution was in fact a ruse devised to detain him while the federal prosecutors secured an indictment against him, that he was therefore effectively in federal custody more than thirty days before the grand jury returned the original federal indictment, and, thus, that the Second Superseding Indictment was untimely under the Speedy Trial Act.[1]

"Speedy Trial Act time periods may be triggered by state detentions that are merely a ruse to detain the defendant solely for the purpose of bypassing the requirements of the Act." *United States v. Benitez*, 34 F.3d 1489, 1494 (9th Cir.1994). However, the district court found that Triplett's "evidence does not demonstrate collusion between state and federal prosecutors to bypass the requirements of the [Speedy Trial Act]."[2] The presence or absence of collusion is a question of fact, which we review for clear error. *See United States v. Pena–Carrillo*, 46 F.3d 879, 883 (9th Cir.1995).

There is evidence in the record suggesting that the state and federal prosecutors were communicating and coordinating with one another in investigating Triplett.[3] Nevertheless, communication and even coordination between the state and federal prosecutors does not itself compel the conclusion that the federal prosecutors were using the state prosecution as a ruse. *See United States v. Ortiz–Lopez*, 24 F.3d 53, 55 (9th Cir.1994).

It is also clear that District Attorney Caleb intended to encourage the filing of federal charges, and there is evidence in the record suggesting that, at least as of December 10, 1996, the state prosecution was a mere formality. Nonetheless, state authorities had a valid reason to arrest Triplett, *see id.*, and it is not clear that his state detention was "solely for the purpose of bypassing the requirements of the Speedy Trial Act," *Cepeda–Luna*, 989 F.2d at 357. Significantly, there is no evidence to suggest that District Attorney Caleb would not have prosecuted Triplett had the

---

1. Although Triplett does not state so, presumably his argument is that if the original indictment was untimely under the Speedy Trial Act, so too were the superseding indictments.

2. Triplett argues that there is a distinction between a "ruse" and "collusion," and that the district court focused on the latter to the exclusion of the former. As *Benitez* evinces, however, the two are inextricably linked. *See* 34 F.3d at 1494; *see also United States v.*

*Cepeda–Luna*, 989 F.2d 353, 357 (9th Cir. 1993).

3. Counsel for the government represents that "to the best of his memory, he never personally conversed with the local District Attorney during the period between the execution of the state search warrants and the filing of the federal complaint." Representations, however, are not evidence.

federal authorities ultimately decided not to. *See Benitez*, 34 F.3d at 1495.

Thus, although there is evidence to suggest coordination between state and federal officials, the record does not show "collusion" that could support a "definite and firm conviction that a mistake has been committed." *Doe*, 155 F.3d at 1074. Triplett's trial counsel did not, therefore, render ineffective assistance when he failed to move to dismiss the Second Superseding Indictment. *See Strickland*, 466 U.S. at 690, 694, 104 S.Ct. 2052.

### C.

■ Triplett was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 846 and manufacturing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). At sentencing, the district court found "that there was at least 30 pounds of controlled substances, which the court considers a reasonable estimate and conservative amount of methamphetamine attributable to the defendant." The resulting sentencing range under the Sentencing Guidelines was 262–327 months for each count. The district court sentenced Triplett to a term of 262 months' imprisonment for each count, the two sentences to be served concurrently.

Triplett argues that his sentence is in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and, to a lesser extent, *United States v. Booker*, ―― U.S. ――, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On direct appeal, we rejected Triplett's argument as it pertains to *Apprendi*. *See United States v. Ramirez*, 44 Fed. Appx. 80, 85 (9th Cir.2002). Triplett's direct appeal became final before the Supreme Court decided *Blakely* or *Booker*, neither of which may be applied retroactively to cases on collateral review. *Schardt v. Payne*, 414 F.3d 1025, 1027 (9th Cir.2005) (*Blakely*); *United States v. Cruz*, 423 F.3d 1119, 1120–21 (9th Cir.2005) (*Booker*).[4]

**AFFIRMED.**

---

4. Triplett attempts to bypass the question of whether *Blakely* applies retroactively to cases on collateral review by arguing that *Apprendi* was decided before our decision on direct appeal and *Blakely* did no more than "clarif[y]" that *Apprendi* "applie[d] equally to any facts that enhance maximum sentences within a guideline sentencing system." We recently agreed with the proposition, however, that *Blakely* "did more than just apply *Apprendi;* it created a new rule that was not compelled by *Apprendi* or its progeny." *Schardt*, 414 F.3d at 1035.