*511 MEMORANDUM **
Corey J. Hudson appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
The district court properly admitted Officer James Stradley’s expert testimony, which was relevant to whether Hudson had either direct possession of the Ruger or joint and constructive possession with the other occupants of the van. See Fed.R.Evid. 402; United States v. Carrasco, 257 F.3d 1045, 1049 (9th Cir.2001). The testimony thus “applied directly to [the defendant’s] motive and preparation” for the charged offense and did not pertain to “any specific, wrongful acts ... that [were] unrelated to” that offense. United States v. Santiago, 46 F.3d 885, 889 (9th Cir.1995); see Fed.R.Evid. 404(b). The district court carefully assessed the danger of unfair prejudice posed by Officer Stradley’s testimony and limited the scope of the testimony to those aspects of gang customs, behavior and loyalty that were strongly probative of Hudson’s possession of the firearm. See Fed.R.Evid. 403. Furthermore, the district court issued a limiting instruction emphasizing that the jury could not convict Hudson solely on account of his gang affiliation. See United States v. Hollis, 490 F.3d 1149, 1153 (9th Cir.2007). In light of these precautions, we conclude that the district court acted within its discretion when it permitted the challenged testimony.
Hudson also challenges the district court’s admission of Officer Stradley’s testimony under Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). We have rejected a Daubert challenge to the admission of testimony concerning a defendant’s gang affiliation and gang codes of loyalty proffered by an expert whose qualifications are similar to those of Officer Stradley, and we do so again.here. See United States v. Hankey, 203 F.3d 1160, 1167-70 (9th Cir.2000).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.