**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50414 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00328-R-1 |
| v. | |
| LUIS ALBERTO CASTRO, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and submitted May 6, 2010
Pasadena, California

Before:  O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK, [**] District
Judge.

Luis Alberto Castro ("Castro") appeals his conviction on one count of being

a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Castro

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.


[**]    The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

contends that the district court erred in denying his motion to suppress evidence seized during an investigatory stop of a vehicle in which he was a passenger. He also contends that the district court erred in excluding evidence of another passenger's juvenile adjudication for possessing the same firearm. The facts are known to the parties and will not be repeated here except as necessary.

I

The officers had reasonable suspicion to conduct an investigatory stop of the vehicle based on the license plate check revealing an outstanding arrest warrant for Jose Raz. *See Arizona v. Johnson*, 129 S. Ct. 781, 784 (2009). Because Raz had previously driven that vehicle, and because Castro matched Raz's physical description, "it was permissible to detain [Castro] in order to resolve questions about his identity." *United States v. Crapser*, 472 F.3d 1141, 1147 (9th Cir. 2007). Therefore, the district court did not err in denying the motion to suppress the gun.

II

Even assuming, *arguendo*, that the district court erred in excluding the juvenile adjudication, we are fairly assured that any error was harmless given "the evidence's limited probative value." *United States v. 87.98 Acres*, 530 F.3d 899, 907 (9th Cir. 2008). That "possession by one person does not necessarily preclude

2

possession by another," *United States v. Carrasco*, 257 F.3d 1045, 1050 (9th Cir. 2001), distinguishes this case from *United States v. Crosby*, 75 F.3d 1343 (9th Cir. 1996), upon which Castro relies. In *Crosby*, the prosecution's theory was that the defendant had acted alone in committing an assault; therefore, we held that the exclusion of evidence tending to inculpate another person, which "would have tended to exculpate Crosby," required reversal. *Id.* at 1349. Here, by contrast, evidence inculpating the other passenger would not have tended to exculpate Castro. *See, e.g.*, *United States v. Spencer*, 1 F.3d 742, 745 n.2 (9th Cir. 1992); *United States v. Stewart*, 770 F.2d 825, 830 (9th Cir. 1985).

**AFFIRMED.**