**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4669**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

VINCENT EDWARD NORTHINGTON,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:11-cr-00041-H-1)

———————

Submitted: March 28, 2013          Decided: April 2, 2013

———————

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged Vincent Edward Northington in a superseding indictment with three counts: possession with intent to distribute a quantity of cocaine base ("crack") and a quantity of marijuana, in violation of 18 U.S.C. § 841(a)(1) (2006) (Count One); possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006) (Count Two); and unlawful possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006) (Count Three). Following a trial, a jury convicted Northington on Count Three, but was deadlocked on Counts One and Two. A mistrial was declared on Counts One and Two and they were subsequently dismissed. The district court sentenced Northington to 102 months' imprisonment on Count Three.

Northington timely appealed, arguing that the district court erred in applying a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2011) based on the dismissed counts. We disagree.

Section 2K2.1(b)(6) provides for a four-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense." The enhancement was based on items, including a .357 revolver and a 9 mm automatic handgun, found in a brown leather

2

Louis Vuitton bag recovered from the floorboard of the back seat of the vehicle in which Northington had been a passenger at the time of his arrest.

The Government presented evidence linking Northington to the bag. The driver of the vehicle testified that she had seen Northington with the bag many times and that he had it with him when she picked him up that night. Furthermore, circumstantial evidence tied Northington to the bag: the bag was found on the floorboard of the back seat and Northington was the only back seat passenger; while Northington was still in the back seat, an officer observed Northington digging into something near his feet; Northington was the only male in the vehicle and the bag contained men's cologne and gloves of a size suggesting they belonged to a man; there was a letter labeled "G Money" in the bag and Northington was known as "G;" and the bullet found in his pants pocket could be fired from one of the firearms in the bag. Additionally, the court could infer from Northington's flight from the scene that he was involved in serious illegal activity. Cf. United States v. Jeffers, 570 F.3d 557, 568 (4th Cir. 2009) (recognizing that consciousness of guilt may be inferred from flight and can support jury's guilty verdict). Finally, the bag contained not only firearms, but other indicia of drug trafficking including a digital scale and baggies commonly used in drug distribution. See, e.g., United

3

States v. Carrasco, 257 F.3d 1045, 1048 (9th Cir. 2001) (stating that plastic baggies and scales are known tools of drug trade); United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999) ("Guns are tools of the drug trade.").

Northington argues that the jury's inability to convict on Counts One and Two called into question the credibility of the evidence connecting Northington to the drugs and firearms. However, a court can consider even "uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009). The Government satisfies the preponderance standard by establishing "that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). Thus, on the record before us, we conclude that the district court did not err in applying the sentencing enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4