FILED

**NOT FOR PUBLICATION**

DEC 26 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10129 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-01377-ROS-2 |
| v. | |
| THINTINUS NOSETH TAYLOR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted November 13, 2019*
San Francisco, California

Before: THOMAS, Chief Judge, and TASHIMA and WARDLAW, Circuit Judges.

Thintinus Taylor appeals his conviction under 28 U.S.C. §§ 922(g) and

924(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the

parties are familiar with the factual and procedural history, we need not recount it

here. We review sufficiency of the evidence claims by viewing the evidence in the

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

light most favorable to the prosecution and affirm if any rational juror could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We review a district court's admission of Rule 404(b) evidence for abuse of discretion. *United States v. Carrasco*, 257 F.3d 1045, 1048 (9th Cir. 2001).

## I

Viewing the evidence in the light most favorable to the government, *see Jackson*, 443 U.S. at 319, the district court properly denied Taylor's motions for a directed verdict. Based on testimony from federal and local law enforcement agents describing the location of firearms and ammunition in areas of the home Taylor shared with his wife, as well as testimony that Taylor's personal effects were found in close proximity to the firearms and ammunition, a rational juror could have reasonably inferred Taylor's possession of the firearms and ammunition. The firearms-related cellphone evidence also indicated that the defendant had knowledge of the firearms and intended to control them. Though the officers testified that items belonging to Taylor's wife were also found in close proximity to the firearms, on deferential appellate review, there was sufficient evidence for a rational juror to convict Taylor.

## II

The district court did not abuse its discretion in admitting evidence from Taylor's cell phone. The district court properly admitted contemporaneous messages sent by Taylor to lay the foundation for the firearms-related messages and to rebut Taylor's claim that his wife had sent the incriminating messages. These messages indicated that Taylor possessed the firearms in August of 2015, three months before his arrest for the present offense. The evidence satisfies the test for the admission of Rule 404(b) evidence. *See United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). The district court properly concluded that the probative value of the cellphone evidence outweighed the risk of unfair prejudice, and the district court mitigated the risk of unfair prejudice with two limiting instructions. *See United States v. Cherer*, 513 F.3d 1150, 1159 (9th Cir. 2008). We therefore conclude that the district court did not abuse its discretion in admitting the Rule 404(b) evidence.

## III

Viewed in the context of the entire trial, the prosecutor's use of the word "felon" in his opening statement and use of the word "felony" in a question to an agent did not constitute reversible misconduct. Though the use of the term after the district court barred it was error, the use of the language was incidental.

Viewed in the entire context of the trial, we conclude it did not have a material effect on the verdict given the strength of the other evidence against Taylor. *See United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir. 2000). Thus, we conclude any error was harmless.

**AFFIRMED.**