**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30068 |
| Plaintiff-Appellee, | D.C. Nos. 1:19-cr-00046-SWS-1 1:19-cr-00046-SWS |
| v. | |
| BRANDON BEST GORDON, AKA Brandon Brooks Gordon, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Scott W. Skavdahl, Chief District Judge, Presiding

Argued and Submitted June 11, 2021
Seattle, Washington

Before:  GOULD, CLIFTON, and MILLER, Circuit Judges.

Defendant Brandon Best Gordon appeals his jury conviction for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues

that the district court abused its discretion by denying his motion in limine to

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

exclude evidence of drug activity under Fed. R. Evid. 404(b) and 403. He further argues that the district court abused its discretion by failing to provide sufficient limiting instructions or by otherwise permitting testimony beyond the proper scope.

We review for abuse of discretion, *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016), and affirm.

1. Although evidence of past wrongs should be excluded if it "prove[s] *only* criminal disposition," *United States v. Cruz-Garcia*, 344 F.3d 951, 954 (9th Cir. 2003) (citation omitted), here, the evidence of drug activity was central to the Government's argument that Gordon had the requisite motive and knowledge relevant to § 922(g)(1), and a second charged offense, possessing stolen firearms in violation of 18 U.S.C. § 922(j). *See, e.g.*, *United States v. Butcher*, 926 F.2d 811, 815-16 (9th Cir. 1991) (holding that drug evidence was "inextricably intertwined" with possession of a weapon, where both were found in the defendant's vehicle at the time of arrest); *United States v. Carrasco*, 257 F.3d 1045, 1048-49 (9th Cir. 2001) (applying *Butcher* to explain that drug evidence may be admitted to show knowledge of possession of a firearm). Here, for example, the Government was required to prove beyond a reasonable doubt that Gordon knew or had reasonable cause to believe that the firearms were stolen. The drug-related evidence was

2

introduced in an effort to show that Gordon intended to give the stolen firearms to a drug distributor, who Gordon knew to accept stolen property as payment for drugs or drug debts. Although the evidence did not ultimately convince the jury to convict Gordon as to the second charged offense, the drug evidence was nonetheless admissible to provide the relevant context and rule out alternative justifications for firearm possession—like personal protection—that would allow Gordon to plausibly claim he did not know the weapons were stolen. Thus, the district court did not abuse its discretion in determining that drug-related evidence was admissible without reference to Rule 404(b) because it was "inextricably intertwined" with, and "part of the [same] transaction" as the charged offenses. *See, e.g.*, *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995). Indeed, even under the terms of Rule 404(b) itself, the evidence would have been deemed admissible because it was intended to prove Gordon's motive, knowledge, and plan. Fed R. Evid. 404(b).

2. Similarly, the district court's instructions reasonably limited the elicited testimony to mitigate the danger of unfair prejudice while permitting the jury to consider evidence related to Gordon's potential knowledge and motive in connection with both offenses. For example, the court instructed the parties to limit

3

conversation about the drug dealer and avoid extended discussion as to whether Gordon actually owed a drug debt.

3. Finally, even if Gordon succeeded in showing that the district court erred, "we need not reverse a district court's decision so long as we have a fair assurance that the verdict was not substantially swayed by error." *United States v. Berber-Tinoco*, 510 F.3d 1083, 1092 (9th Cir. 2007) (quotation marks omitted). Reversal is not necessary if "it is more probable than not that the error did not materially affect the verdict." *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997). Here, it is more probable than not that any error, if it existed, did not materially affect the verdict. It is probable that the jury would have convicted Gordon of violating § 922(g)(1) based solely on the 911 call, in which the caller identified a man matching Gordon's description carrying a black backpack into a car, and the evidence produced by the subsequent search of the car and backpack. As to the second charged offense, possession of stolen firearms, the jury found Gordon not guilty, so he suffered no prejudice.

**AFFIRMED.**