NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MIGUEL BOCARDO,

Defendant-Appellant.

No. 23-50044

D.C. No.
5:21-cr-00188-JWH-3

MEMORANDUM[*]

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CYR DINO BANGUGUILAN,

Defendant - Appellant.

No. 23-356

D.C. No.
5:21-cr-00188-JWH-2

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted May 16, 2025
Pasadena, California

Before: MURGUIA, Chief Judge, and BENNETT and JOHNSTONE, Circuit
Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Cyr Dino Banguguilan appeals his conviction following a jury trial for possession and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (5)(B), and (b)(2). Miguel Bocardo appeals his conviction following a jury trial for receipt of and access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (5)(B), and (b)(2). We have jurisdiction over Banguguilan's and Bocardo's ("Defendants") appeals under 28 U.S.C. § 1291. We affirm both convictions.

1.      We review the denial of a Rule 29 motion de novo and will uphold Defendants' convictions if "the evidence [viewed] in the light most favorable to the prosecution . . . is adequate to allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *United States v. Parviz*, 131 F.4th 966, 970 (9th Cir. 2025) (quoting *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc)).

a.      Sufficient evidence supports the jury's finding that Banguguilan possessed at least one image of child pornography because he exercised dominion and control over it. We have held that the government can prove dominion and control if it shows, for instance, a defendant "*could* copy the images, print them or email them to others . . . ." *United States v. Romm*, 455 F.3d 990, 1001 (9th Cir. 2006) (emphasis added). Evidence at trial showed that Banguguilan satisfied this standard by opening and viewing the image on his physical device, commenting on it, and

2

deleting it. *See id.* at 999–1000 (holding that a defendant "possess[es]" child pornography if there is "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over [it]" (last alteration in original) (quoting *United States v. Carrasco*, 257 F.3d 1045, 1049 (9th Cir. 2001))).

b.      Sufficient evidence supports the jury's finding that Banguguilan received at least one image of child pornography because evidence at trial showed that he knew that the sent image depicted child pornography and, for the same reasons as explained above, he exercised dominion and control over it. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994).

c.      Sufficient evidence supports the jury's finding that Bocardo accessed with intent to view child pornography because he sought out the contraband from Rodriguez in order to view it. *See United States v. Croghan*, 973 F.3d 809, 828 (8th Cir. 2020) (quoting *United States v. Brune*, 767 F.3d 1009, 1020 (10th Cir. 2014)).

2.      Because Defendants did not request an instruction based on the 18 U.S.C. § 2252A(d) affirmative defense, we review for plain error. *United States v. Bear*, 439 F.3d 565, 568 (9th Cir. 2006). Although some of the elements of the affirmative defense may have been present in the record, Defendants did not "actually present[] and rel[y]" on that theory of defense. *Id.* ("When a defendant actually presents and relies upon a theory of defense at trial, the judge must instruct the jury on

3

that theory even where such an instruction was not requested.").

3. The district court did not abuse its discretion by granting the government's motion in limine after performing its required Rule 403 balancing because Defendants' proffered stipulation did not "supply evidentiary value at least equivalent" to the government's proffered evidence. *See United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008) (quoting *Old Chief v. United States*, 519 U.S. 172, 186 (1997)); *see also United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016) (reviewing a motion in limine ruling for abuse of discretion). Due to the insufficiency of the stipulation, the government needed to admit the child pornography exhibits at trial to corroborate them with Defendants' knowledge and descriptions of the exhibits. Therefore, the district court did not abuse its discretion by refusing the stipulation and admitting the evidence under Rule 403.

4. Where, as here, Defendants did not raise an evidentiary claim, we review for plain error. Fed. R. Crim. P. 52(b); *see United States v. Olano*, 507 U.S. 725, 731–32 (1993). Because the district court sufficiently understood the contents of the child pornography to be admitted based off detailed descriptions provided by the government, Defendants did not adequately show how the district court's failure to view all the child pornography charged in the indictment before making its Rule 403 determination was "clear or obvious, rather than subject to reasonable dispute," *Puckett v. United States*, 556 U.S. 129, 135 (2009), nor how any potential error

"affected the outcome of the district court proceedings," *Olano*, 507 U.S. at 734; *see also United States v. Curtin*, 489 F.3d 935, 956–57 (9th Cir. 2007) (en banc) (holding that a court must consider the evidence at issue sufficiently to make its Rule 403 determination).[1]

5.      Where, as here, Defendants did not object to the potential fundamental unfairness and prosecutorial misconduct at trial, we review for plain error. *United States v. Weatherspoon*, 410 F.3d 1142, 1145, 1150–51 (9th Cir. 2005); *Andrew v. White*, 145 S. Ct. 75, 81 (2025) (per curium) (holding that a prosecutor's prejudicial or misleading statements can at times violate a defendant's due process). Although the government concedes that it overused Minor Victim 1's real name at trial, the district court did not plainly err by permitting the government's actions. Nor did the district court plainly err by allowing testimony that subpoenaing Banguguilan's Telegram records would be futile or by allowing testimony that may have implied Banguguilan could have saved Minor Victim 1.

6.      Because the district court did not err here, cumulative error is inapplicable. *United States v. Fernandez*, 388 F.3d 1199, 1256 (9th Cir. 2004).[2]

---

[1] Because Defendants have not satisfied these prongs of the plain error test, we need not decide whether the district court erred under *Curtin*.

[2] We also decline to consider on direct review Defendants' claim that trial counsel rendered ineffective assistance. *See United States v. Singh*, 979 F.3d 697, 731–32 (9th Cir. 2020).

**AFFIRMED.**[3]

---

[3] Provisionally sealed volumes 2, 3, and 5 of the consolidated excerpts of record filed at Docket Entry Nos. 28-3, 28-4, and 28-6 in Appeal No. 23-50044, and Docket Entry Nos. 28-3, 28-4, and 28-6 in Appeal No. 23-356 shall remain sealed.