In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-4042

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FREDERICK J. MORGAN, SR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:02-CR-109—**William C. Lee**, *Judge.*

SUBMITTED JUNE 17, 2004[*]—DECIDED SEPTEMBER 16, 2004

Before DIANE P. WOOD, EVANS, and WILLIAMS, *Circuit Judges.*

DIANE P. WOOD, *Circuit Judge.* After police in Fort Wayne, Indiana, arrested George Perrin for selling cocaine, Perrin agreed to help mount a sting operation against Frederick Morgan. Detectives searched Perrin to ensure

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

that he had no drugs, gave him $1,100 in marked $50 and $100 bills, and instructed him to telephone Morgan to arrange a meeting. After the two spoke on the phone, Morgan came to Perrin's house. The detectives made audio and video recordings of the encounter between Morgan and Perrin, and while the two men were talking, the detectives observed Morgan reach into his pants. Immediately after Morgan departed, the detectives met with Perrin and recovered two small plastic bags of crack cocaine and $900 of the marked money. Shortly thereafter, other detectives stopped Morgan's car. One of the detectives observed Morgan raise his hand to his mouth; he grabbed Morgan, who spit out a plastic bag containing heroin. The detectives then searched Morgan and recovered two of the marked $100 bills that they had given to Perrin. Morgan ultimately was convicted after a jury trial of distribution of crack, 21 U.S.C. § 841(a)(1), and simple possession of heroin, *id.* § 844. Although Morgan was represented by counsel in the district court, he has since fired both of his attorneys and now appeals *pro se*, arguing that a host of errors led to his convictions.

# I

Morgan first argues that his trial was excessively delayed, in violation of the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74.[1] The Act states that trial must commence "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

---

[1] Morgan also claims that the delay in the start of his trial violated his rights under the Fifth and Sixth Amendments, but he does not develop his arguments, so we need not address them. *See McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003).

18 U.S.C. § 3161(c)(1). But the Act also provides that certain periods of "excludable" time do not count toward the 70-day limit. 18 U.S.C. § 3161(h). Morgan made his initial appearance on October 24, 2002, and his trial began 244 days later on June 24, 2003. The government contends on appeal that only 57 of these days should count toward the 70-day limit because, in its view, the remaining delays resulted from the filing and resolution of four pretrial motions and are therefore excludable. See 18 U.S.C. § 3161(h)(1)(F); *Henderson v. United States*, 476 U.S. 321, 326 (1986). Morgan disputes the government's calculation and claims that a number of these days are not properly excludable.

Morgan's problem is that he never presented his statutory speedy trial claim to the district court, and the Act explicitly provides that a defendant waives his rights under the statute if he does not move to dismiss the indictment. 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."). We, along with every other circuit that has considered this issue, have recognized that a defendant's failure to move for dismissal prior to trial or entry of a guilty plea constitutes a waiver of his rights under the Act. See *United States v. Alvarez*, 860 F.2d 801, 821-22 (7th Cir. 1988), *reinstated on rehr'g sub nom. United States v. Holguin*, 868 F.2d 201 (7th Cir. 1989); *United States v. Dunbar*, 357 F.3d 582, 591 (6th Cir. 2004); *United States v. Reyes*, 313 F.3d 1152, 1159 (9th Cir. 2002); *United States v. Register*, 182 F.3d 820, 828 (11th Cir. 1999); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999); *United States v. Van Chase*, 137 F.3d 579, 583 (8th Cir. 1998); *United States v. Palma-Ruedas*, 121 F.3d 841, 855 (3d Cir. 1997), *rev'd on other grounds sub nom. United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999); *United States v. Westbrook*, 119 F.3d 1176, 1184-86 (5th Cir. 1997); *United*

*States v. Huguenin*, 950 F.2d 23, 27-28 (1st Cir. 1991); *United States v. Patten*, 826 F.2d 198, 199 (2d Cir. 1987) (per curiam).

It is true (though not particularly laudable) that we have not always been vigilant in applying the waiver provision of § 3162(a)(2). In several instances, we have reviewed a defendant's statutory speedy trial claim for plain error even though it was never presented to the district court. *United States v. Griffin*, 194 F.3d 808, 824 (7th Cir. 1999); *United States v. Schwensow*, 151 F.3d 650, 654 (7th Cir. 1998); *United States v. Baker*, 40 F.3d 154, 158-59 (7th Cir. 1994); *United States v. McKinley*, 23 F.3d 181, 184 (7th Cir. 1994); *United States v. Asubonteng*, 895 F.2d 424, 427 (7th Cir. 1990); *see also United States v. Carrasco*, 257 F.3d 1045, 1050-53 (9th Cir. 2001) (reviewing Speedy Trial Act claim for plain error even though defendant never moved in district court to dismiss indictment); *United States v. Sorrentino*, 72 F.3d 294, 297 (2d Cir. 1995) (same). Although these decisions correctly recognize the general principle that a defendant who fails to assert a right in a timely way in the district court merely forfeits that argument, thus permitting plain error review on appeal, *see United States v. Olano*, 507 U.S. 725, 731-32 (1993); FED. R. CRIM. P. 52(b), they do not acknowledge § 3162(a)(2) or *Alvarez*, 860 F.2d at 821-22, in applying a plain error standard. It appears from the opinions, furthermore, that the question whether § 3162(a)(2) precludes plain error analysis was never presented, as none of the opinions says a word about that part of the statute.

As with all statutes, we must interpret the Speedy Trial Act to give effect to the entire statute. See *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992); *O'Kane v. Apfel*, 224 F.3d 686, 689 (7th Cir. 2000). The Act explicitly provides that a defendant's failure to move to dismiss the indictment constitutes a waiver—not a forfeiture—of his rights under the Act, 18 U.S.C. § 3162(a)(2), and we may

not disregard this provision. All of the cases in which we reviewed a defendant's statutory speedy trial claim for plain error overlooked § 3162(a)(2), and so we do not view them as contrary precedent. A waiver argument, after all, can be waived by the party it would help, and in these instances, it appears that the prosecutors forfeited the benefit of § 3162(a)(2). The earlier decision in *Alvarez,* in contrast, properly followed the command of § 3162(a)(2), and we reiterate the rule set forth in the statute and recognized in that opinion. Morgan never moved in the district court to dismiss the indictment; accordingly, he waived his rights under the Act and we may not address his argument on appeal. *See Olano*, 507 U.S. at 733.

## II

We turn now to Morgan's remaining arguments. First, he accuses the government of using perjured testimony before the grand jury to obtain his indictment. His argument suffers from a number of faults, notably that it was never raised in the district court and lacks any support in the record. Most significantly, the petit jury's guilty verdicts render harmless any possible error in the grand jury proceedings. *See United States v. Mechanik*, 475 U.S. 66, 72-73 (1986); *United States v. Knight*, 342 F.3d 697, 713 (7th Cir. 2003).

Morgan next argues that the government constructively amended the indictment during its opening statement because the prosecutor told the jury:

> Now on the videotape, you will not see a hand-to-hand transaction between the informant, Mr. Perrin, and the defendant. But what you will see or what you will hear, I anticipate, are the very words and actions from the defendant himself that demonstrate that he distributed crack cocaine to the informant.

Morgan claims that this statement contradicts a detective's grand jury testimony that Morgan pulled something from a pants pocket and handed it to Perrin. Morgan failed to object to the opening statement, and so our review is for plain error only. *United States v. Cusimano*, 148 F.3d 824, 828 (7th Cir. 1998). We note that the opening statement in no way contradicts the grand jury testimony because the prosecutor was referring to the quality of the videotape while the detective was relating his account of the transaction. In any event, the government's opening statement did not broaden the possible bases for conviction, and accordingly the indictment was not constructively amended. *Id.* at 829.

Morgan next asserts that his rights under the Confrontation Clause of the Sixth Amendment were violated because Perrin died before trial. But Perrin, of course, did not testify and accordingly there was no need for Morgan to confront him through cross-examination. See *United States v. Williamson*, 202 F.3d 974, 977 (7th Cir. 2000) (Confrontation Clause protects defendant's right to effectively cross-examine witnesses). If Morgan is arguing that he was deprived of the ability to call Perrin in his defense, his argument fails because he has never explained how Perrin's testimony would have been exculpatory and because the government was not responsible for Perrin's unavailability. See *United States v. George*, 363 F.3d 666, 670-71 (7th Cir. 2004).

Morgan's next argument is that the government failed to prove that the substance he gave Perrin was crack or that the substance in the plastic bag he spit out during the struggle with the detective was heroin. But this argument is frivolous because both Morgan and his attorney signed a stipulation that the substances were, respectively, crack and heroin. See *United States v. Wingate*, 128 F.3d 1157, 1160-61 (7th Cir. 1997) (criminal defendants are bound by stipulations, even regarding elements of the offense).

Morgan also claims that the district judge was biased because he permitted the government to introduce the audio and video recordings of the meeting between Morgan and Perrin and an audio recording of the telephone conversation between the two men, and refused to allow one proposed defense witness to testify. See 28 U.S.C. §§ 144, 455. But Morgan's lawyer never requested that the judge recuse himself, see *Tezak v. United States*, 256 F.3d 702, 716-17 (7th Cir. 2001), and the adverse evidentiary rulings on which Morgan now relies are insufficient to establish bias, see *In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001).

Next, Morgan argues that both of his former attorneys provided ineffective assistance. Morgan fired his first attorney immediately after trial and retained another lawyer, who filed a motion for acquittal. After that motion was denied, Morgan fired his second attorney too. We have repeatedly said that claims of ineffective assistance are rarely appropriate for direct review and are more properly raised in a collateral attack where the record can be developed fully. See *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). This case is no exception. Accordingly, we decline to address Morgan's claims of ineffective assistance.

Lastly, Morgan claims that the government confiscated his car after he was arrested and has refused to return it even though forfeiture proceedings were never instituted. This issue is not properly before us because Morgan never filed a motion in the district court for the return of his property, see FED. R. CRIM. P. 41(g), and there is therefore nothing for us to review.

### III

For these reasons, Morgan's convictions are AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*