UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 15, 2005[*]
Decided July 19, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-4285

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States<br>District Court for the Western<br>District of Wisconsin |
| *v.* | |
| | No. 04-CR-090 |
| JOHN D. NEWCOMB,<br>    *Defendant-Appellant.* | John C. Shabaz,<br>*Judge.* |

## ORDER

John Newcomb was convicted after a jury trial of manufacturing methamphetamine, 21 U.S.C. § 841(a)(1), and related charges, *id.* §§ 841(c)(2), 843(a)(6), and was sentenced to a total of 180 months' imprisonment and five years' supervised release. The district court also required $2,788 in restitution, *see* 21 U.S.C. § 853(q)(2), to cover the costs of cleaning up Newcomb's clandestine laboratory. Newcomb filed a notice of appeal, but his appointed counsel now moves to withdraw, stating that he is unable to find a nonfrivolous basis for appeal. *See*

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

*Anders v. California*, 386 U.S. 738 (1967). Newcomb received a copy of counsel's motion, *see* Cir. R. 51(b), and has responded. Our review is limited to the potential issues identified in counsel's facially adequate brief and in Newcomb's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

At trial, various witnesses connected Newcomb with methamphetamine production. A state narcotics investigator described evidence of a "methamphetamine lab" seized during execution of a search warrant at a house rented by Newcomb. Newcomb's landlord, who was also a neighbor, confirmed Newcomb's frequent presence at the house. A store clerk reported seeing Newcomb and a friend buying supplies commonly used in making methamphetamine and of the same type as those seized at the house. Tanya Wolfe, an ex-girlfriend, and Cory Smith, a friend of both Wolfe and Newcomb, told the jury that they saw Newcomb make methamphetamine and admitted helping him by performing small processing tasks, procuring manufacturing supplies, and distributing the end-product. Moreover, police officers recalled finding fully processed methamphetamine when they encountered Newcomb away from home on two separate occasions.

Newcomb did not call any witnesses and did not testify himself. His theory of defense was that the laboratory belonged to Tanya Wolfe and that his own involvement was peripheral. The jury concluded otherwise, returning guilty verdicts on three of the four counts charged. The fourth count, which the jury rejected, charged Newcomb with conspiracy to distribute methamphetamine.

Counsel first considers whether Newcomb might challenge the sufficiency of the evidence. Sustaining that challenge would be a heavy burden because we give great deference to a jury's verdict. *United States v. Melendez*, 401 F.3d 851, 854 (7th Cir. 2005); *United States v. Hicks*, 368 F.3d 801, 804 (7th Cir. 2004). We will draw all permissible inferences in the government's favor, and uphold a conviction so long as any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Henry*, 408 F.3d 930, 933 (7th Cir. 2005); *United States v. Askew*, 403 F.3d 496, 502 (7th Cir. 2005). Here the government provided both circumstantial evidence that *someone* manufactured methamphetamine in Newcomb's home, and direct evidence that Newcomb was the principal manufacturer. We agree that it would be frivolous to challenge the sufficiency of this evidence.

Next counsel considers whether Newcomb might challenge the district court's rulings on his two pretrial motions in limine. One motion was granted, so any argument about that ruling would be patently frivolous; the district court responded to the other motion by allowing the government to use the challenged evidence but granting a short continuance so that Newcomb could not later claim that he was prejudiced by inadequate time to meet the evidence. The court ordered this continuance *sua sponte*, despite Newcomb's assertion that he wanted to withdraw

his motion if it would result in delay. Counsel proposes and rejects the idea that imposing the continuance against Newcomb's wishes violated the Speedy Trial Act, *see* 18 U.S.C. § 3161(h)(8)(A), because, says counsel, the decision to continue was within the discretion of the district court and Newcomb is unable to show prejudice. We agree that any argument based on the Speedy Trial Act would be frivolous, although for a more fundamental reason. Newcomb did not move to dismiss the indictment before trial, and this means that he waived his rights under the Act. *See United States v. Morgan*, 384 F.3d 439, 442 (7th Cir. 2004).

Counsel then considers whether Newcomb may claim an entitlement to a limited remand under *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), and concludes that he may not. The district court, anticipating the Supreme Court's decision in *Booker*, specified an alternative sentence fashioned by relying on the guidelines as advisory and also invoking the provisions of 18 U.S.C. § 3553(a). This alternative sentence—180 months, the same as the guideline sentence the court imposed—eliminates any need for a limited remand.

In his response, Newcomb proposes to argue that counsel was ineffective in refusing to call three favorable witnesses at trial and in failing to argue that *Shepard v. United States*, 125 S. Ct. 1254 (2005), barred the use of his prior convictions at sentencing. But ineffective assistance of counsel claims are better saved for collateral review where the record is directed toward examining the reasons underlying counsel's choices and strategies. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Schuh*, 289 F.3d 968, 976 (7th Cir. 2002); *United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999). A motion under 28 U.S.C. § 2255 is the appropriate vehicle for raising arguments about counsel's performance. *Massaro*, 538 U.S. at 509.

Newcomb also moves for the appointment of new counsel for this appeal, but given our disposition, we deny his request. Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.