UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 4, 2006
Decided January 5, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2300

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> MARK C. RUTHERFORD, <br>     *Defendant-Appellant*. | Appeal from the United States <br> District Court for the Eastern <br> District of Wisconsin <br><br> No. 03-CR-224 <br><br> Lynn Adelman, <br> *Judge*. |

**O R D E R**

Mark Rutherford pleaded guilty to transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The district court sentenced him to 24 months' imprisonment, to run concurrently with a four-year, state court sentence he was serving in Tennessee, and three years' supervised release. Rutherford filed a notice of appeal, but his appointed counsel moves to withdraw, asserting that he cannot find a non-frivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Rutherford was invited to respond to his counsel's motion, *see* Cir. R. 51(b), and has responded. Our review is limited to the potential issues identified in counsel's brief and in Rutherford's submission. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

In September 2002, Rutherford and his brother Steven drove a truck harboring ten illegal aliens from Tucson, Arizona to Greenfield, Wisconsin. The brothers were stopped and arrested in Greenfield after a local officer who encountered them at a gas station became curious about their furtive behavior, their Arizona license plates, and several persons he saw hiding in the back of the truck. Charges filed against the Rutherfords were shortly dismissed in anticipation of their cooperation with immigration authorities in Tucson in busting alien-smuggling rings. Rutherford was told that if his cooperation resulted in "positive outcomes," the charges would remain dismissed. As it happened, however, immigration authorities in Tucson were unable to use him, and approximately a year later, the United States Attorney in Wisconsin refiled the original charges.

Rutherford then moved to dismiss the indictment, claiming that the government had breached its agreement with him. He also moved to suppress the evidence seized during the *Terry* stop of his truck, alleging that Greenfield police lacked reasonable suspicion that he had committed, or was in the process of committing, a crime. The district court granted him an evidentiary hearing, but went on to deny both motions. Rutherford eventually pleaded guilty. Within ten days, he attempted to withdraw his plea, claiming that he was under "great duress" when he made it and that he had received ineffective assistance of counsel. The district court denied his motion to withdraw his plea at sentencing.

Counsel first considers whether Rutherford might challenge the voluntariness of his plea. He argues that there is no evidence of any defect in the plea negotiation process, and that any potential defect in negotiations prior to the plea was waived. *See United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004) (noting that "an unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea") (quoting *United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001)). We agree that contesting the validity of the plea would be frivolous. The district court's colloquy with Rutherford substantially satisfied the requirements of Fed. R. Crim. P. 11, and that is our guarantee that the plea was voluntary. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). Moreover, any challenge predicated on Rutherford's contentions that counsel threatened him with a longer sentence if he did not plead, or promised him a shorter one if he did, is frivolous because the district court was entitled to rely on Rutherford's statements under oath that he had received neither negative nor positive inducement to plead. *See United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999); *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999) (observing that we presume the defendant's statements during a Rule 11 colloquy are true).

Counsel also contemplates that Rutherford might wish to argue that the district court erred in refusing his motion to withdraw his plea. But counsel could think of no "fair and just reason" to permit him to withdraw. *See United States v.*

*Carroll,* 412 F.3d 787, 792-93 (7th Cir. 2005) (per curiam) (noting that actual innocence of the crime and ineffective assistance of counsel are valid grounds); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995) (stating that defendant "faces an uphill battle" in persuading the court) (citation and quotation omitted). And Rutherford himself failed to suggest a reason when his motion was denied at his sentencing hearing.

Counsel next considers whether Rutherford might argue that his sentence was unreasonable. But because it is within the recommended guidelines range, it is presumptively reasonable, *see United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel suggests no fact that could rebut the presumption. *See* 18 U.S.C. § 3553(a) (listing factors that must be considered in imposing sentence). Therefore, we agree with counsel that the argument would be frivolous.

We need not retrace counsel's third and fourth potential arguments addressing the motion to suppress and the motion to dismiss because both arguments are frivolous for a more fundamental reason: they were waived by entry of the guilty plea. *See Villegas*, 388 F.3d at 322.

Rutherford advances five arguments of his own in his Cir. R. 51(b) motion. These include challenges to the denial of his two pretrial motions; a claim under the Speedy Trial Act, *see* 18 U.S.C. § 3161; a claim that the judge coerced his guilty plea; and a claim for ineffective assistance of counsel. All of these are clearly frivolous. In light of the preceding discussion, we need say nothing further about Rutherford's challenges to the denials of the motion to suppress and the motion to dismiss. Moreover, we note that his Speedy Trial Act claim is waived because of his failure to assert his rights under the Act before entering his guilty plea. *See United States v. Morgan*, 384 F.3d 439, 442 (7th Cir. 2004). His claim of judicial "coercion" is frivolous because he points to no word or action of the district court that would serve as an objective basis for the claim. Furthermore, because he has raised the issue for the first time on appeal, he must prove his case under the more demanding plain error standard. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005).

Finally, Rutherford's ineffective assistance of counsel claim is frivolous because such claims require that we have a record directed toward examining the reasons underlying counsel's choices and strategies. As we have often repeated, it is generally inappropriate to bring a claim of ineffective assistance of counsel on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Schuh*, 289 F.3d 968, 976 (7th Cir. 2002); *Martinez*, 169 F.3d at 1052. We are aware that Rutherford has attempted to create a sufficient record by sending us copies of his correspondence with his lawyers, but even if these materials were

adequate, we would be unable to consider them since a number of them were never presented to the district court. *See Elizalde-Adame*, 262 F.3d at 640.

Accordingly, we GRANT counsel's motion to withdraw and order that the appeal be DISMISSED.