NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 17, 2007
Decided February 7, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1482

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>      *Plaintiff-Appellee,* <br><br>      *v.* <br><br> ZACHARY BARIAN, <br>      *Defendant-Appellant.* | Appeal from the United States <br> District Court for the <br> Eastern District of Wisconsin. <br><br> No. 02-CR-75 <br><br> Rudolph T. Randa, *Chief Judge.* |

**O R D E R**

In April 2002, Zachary Barian was charged, along with others, with conspiracy to distribute and possess with intent to distribute cocaine, marijuana, and ecstasy. Superseding indictments were filed in August and September of that year. The end result is that there were over 30 defendants charged in the case. In a case this size, it is understandable that lots of delays occurred. Barian eventually went to trial on October 25, 2004, and the jury found him guilty on all counts. Obviously, the trial did not begin within the time limits of the Speedy Trial Act, which requires, as relevant here, that trial begin within seventy days of the filing of an indictment. 18 U.S.C. § 3161(c)(1). Most of the time, as a matter of fact, was "excludable" from the time requirements of the Act. But as a result of all the time that passed, Barian now seeks to have his conviction reversed and the case

remanded to the district court to determine whether the case against him should be dismissed with or without prejudice.


Unfortunately for Barian, there is no dispute that, in the trial court, he never objected to any of the many requests for continuances. He never moved to dismiss the indictment. He never demanded a speedy trial. Section 3162(a)(2) of the Act provides that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." As we made clear in <u>United States v. Morgan</u>, 384 F.3d 439 (7th Cir. 2004), we read § 3162(a)(2) literally. Barian has waived--not merely forfeited--his rights under the Act. Consequently, he is not entitled to claim plain error on this appeal. The judgment of the district court is AFFIRMED.