PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4434

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MEGAN NICHOLE HANSON MOSTELLER,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:11-cr-00270-TLW-1)

Argued:  December 12, 2013          Decided:  February 4, 2014

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Affirmed by published opinion.  Judge Keenan wrote the opinion,
in which Judge Motz and Judge Thacker joined.

**ARGUED:** Bradley M. Kirkland, BRADLEY M. KIRKLAND, LLC, Columbia,
South Carolina, for Appellant.  William E. Day, II, OFFICE OF
THE UNITED STATES ATTORNEY, Florence, South Carolina, for
Appellee.  **ON BRIEF:** William N. Nettles, United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina,
for Appellee.

BARBARA MILANO KEENAN, Circuit Judge:

Megan Hanson Mosteller was charged with theft of government funds, in violation of 18 U.S.C. § 641. As a result of evidentiary problems occurring during her trial, Mosteller moved for a mistrial, which the district court granted on the condition that she waive her rights under the Speedy Trial Act, 18 U.S.C. §§ 3161 through 3174 (the Speedy Trial Act, or the Act). More than 70 days after the mistrial was declared, the court conducted a second trial, in which the jury found Mosteller guilty of violating 18 U.S.C. § 641. Mosteller did not assert a violation of the Speedy Trial Act in the district court, but alleges on appeal that her rights under the Act were violated.

We hold that although Mosteller's attempt to waive her rights under the Speedy Trial Act was null and void, she is not entitled to assert for the first time on appeal that a violation of the Act occurred. The plain language of the Act requires that a defendant asserting a violation of the Act move for dismissal of an indictment before a new trial begins, or be precluded from seeking such a dismissal. In view of this waiver imposed by statute, we are not permitted to consider Mosteller's argument that her rights under the Act were violated, even under the plain error standard of review. Accordingly, we affirm the district court's judgment.

2

In September 2007, Megan and Jeremy Lewis Mosteller, Jr. (Jeremy), a lance corporal in the United States Marine Corps, were married. The couple separated about three months later, and Jeremy committed suicide in March 2008.

After Jeremy's death, Mosteller applied for and began receiving "dependency and indemnity compensation" as Jeremy's surviving spouse from the Department of Veteran Affairs (VA), in the amount of about $1,100 per month (the surviving spouse benefits). As a condition of receiving this compensation, she was required to inform the VA of any change in her marital status before the age of 57, which event would terminate her entitlement to the surviving spouse benefits. Mosteller also applied for and received about $3,000 in education benefits reserved for surviving dependents of veterans (the education benefits). Her continued receipt of the education benefits was subject to requirements that she remain unmarried and attend classes. Mosteller was obligated to notify the VA if she ceased attending classes or remarried.

In August 2008, Mosteller married David Robert Redding, Jr. Mosteller did not inform the VA of her change in marital status and continued to receive surviving spouse benefits until October 2010. Additionally, Mosteller did not inform the VA that after

receiving the education benefits, she had not attended any classes.

The VA's Office of Inspector General instituted an investigation of Mosteller's receipt of VA benefits.[1] This investigation led to a grand jury indictment charging Mosteller with one count of theft of government funds. Notably, the indictment charged her with theft of surviving spouse benefits but did not include any reference to the education benefits.

Mosteller's first trial began on November 1, 2011. After a witness testifying on behalf of the government made statements regarding Mosteller's receipt of the education benefits, Mosteller moved for a mistrial on the basis that her receipt of those benefits was not part of the charged conduct. The government opposed Mosteller's motion. Although the district court observed that Mosteller's receipt of the education benefits was outside the scope of the indictment, the court denied the motion for a mistrial and instead struck the testimony concerning the education benefits and offered to provide a curative instruction to the jury. Additionally, the

---

[1] Mosteller admitted during an interview with a VA investigator at her residence that she had remarried but continued to receive VA benefits, and that she "underst[ood] that it was wrong to continue to collect" the benefits after remarrying.

4

government agreed that it would not introduce further evidence relating to the education benefits.

After a recess, however, the government informed the district court that it would be difficult to redact certain exhibits containing information relating to both the surviving spouse benefits and the education benefits. The government withdrew its opposition to Mosteller's motion for a mistrial, and stated that a superseding indictment would be filed if a mistrial was granted. The court stated that it was inclined to grant a mistrial if Mosteller agreed to waive her rights under the Speedy Trial Act until the court's January 2012 term. After the court addressed Mosteller individually, informing her of her rights under the Speedy Trial Act, Mosteller stated that she would waive her rights under the Act as a condition of the court's decision to grant a mistrial. Accordingly, on November 1, 2011, the district court declared a mistrial.

Two weeks later, the grand jury issued a superseding indictment, charging Mosteller with theft of government funds in violation of 18 U.S.C. § 641, based on her receipt of both the education benefits and the surviving spouse benefits. Although Mosteller's second trial began on February 21, 2012, well more than 70 days after the mistrial, Mosteller did not move to dismiss the superseding indictment based on a violation of the Act. The jury convicted Mosteller of the theft charge as

5

alleged in the indictment. The district court sentenced Mosteller to serve a term of 15 months' imprisonment and three years of supervised release, and ordered that Mosteller pay restitution to the government in the amount of $32,718.62. Mosteller timely filed a notice of appeal.

On appeal, Mosteller's counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious issues for appeal but questioning whether Mosteller's rights under the Fifth Amendment's Double Jeopardy Clause were violated. Mosteller filed a pro se supplemental brief contending, among other things, that her rights under the Speedy Trial Act were violated. This Court directed that counsel for the government and Mosteller file supplemental briefs addressing the statutory speedy trial issue.

II.

Mosteller contends that the district court erred in requiring that she waive her rights under the Speedy Trial Act as a condition of granting a mistrial.[2] She further asserts that because her second trial began more than 70 days after the mistrial was declared, her rights under the Act were violated

---

[2] Mosteller did not allege at trial, and does not assert on appeal, a constitutional violation of her speedy trial rights under the Sixth Amendment.

and she is entitled to dismissal of the charge against her. Although Mosteller acknowledges that she did not file a motion to dismiss the indictment in the district court, she maintains that this Court should conduct plain error review of her claim on appeal. We disagree with Mosteller's arguments.

The Speedy Trial Act generally requires that a trial begin "within 70 days of the filing of an information or indictment or the defendant's initial appearance." Zedner v. United States, 547 U.S. 489, 497 (2006) (citing 18 U.S.C. § 3161(c)(1)). In the event of a mistrial, the Act provides that a new trial must begin within 70 days "from the date the action occasioning the retrial becomes final."[3] See 18 U.S.C. § 3161(e).

Under the Act, if a defendant makes a timely motion to dismiss, the remedy for a violation of the Act is dismissal of the information or indictment. See 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant."). The district court retains discretion to

---

[3] Certain periods of delay are excluded from the computation of the 70-day period. See 18 U.S.C. § 3161(h). However, because we conclude that Mosteller's Speedy Trial Act claim is not subject to any appellate review, as discussed below, we do not reach the merits of her argument that notwithstanding the exclusion of certain periods of delay referenced in 18 U.S.C. § 3161(h), the 70-day limitation imposed by the Act was violated.

determine under the factors set forth in Section 3162(a)(2) whether the dismissal should be entered with or without prejudice. Id. Significantly, the Act contains a provision (the waiver provision) stating that the "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." Id. (emphasis added).

As an initial matter, we agree with Mosteller's argument that the district court erred in requiring that she agree to waive her rights under the Act as a condition of granting the mistrial. Under the holding in Zedner, a defendant may not waive application of the Act for a violation that has not yet occurred. 547 U.S. at 503. The Supreme Court explained that the Act was designed in part to protect a defendant's right to a speedy trial, but also was intended to protect the public's interest in ensuring a speedy trial. Id. at 500-01 (stating that "the Act was designed with the public interest firmly in mind"). As an example, the Court noted that the granting of a continuance under Section 3161(h)(8)(A)[4] must be accompanied by the district court's finding that such resulting delay outweighs

---

[4] This provision is codified as 18 U.S.C. § 3161(h)(7)(A) in the current version of the Act.

both "the best interest of the public" and of the defendant in obtaining a speedy trial. Id. at 501 (quoting 18 U.S.C. § 3161(h)(8)(A)) (emphasis omitted). The Court therefore observed that the public's interest underlying the Speedy Trial Act cannot be served if defendants are permitted to waive their right to assert a future violation of the Act. Id. Based on this reasoning, the Court held that a defendant may not waive future application of the Act. Id. at 503. In view of this holding, we conclude that Mosteller's agreement purporting to waive future rights under the Act was null and void.

In Zedner, the Supreme Court further explained that although a defendant may not waive future application of the Act, a waiver nevertheless will result by operation of the statutory waiver provision if the defendant fails to move to dismiss the indictment before the new trial begins. See id. at 502 (citing 18 U.S.C. § 3162(a)(2)). The Court observed that this statutory waiver provision serves several purposes, including preserving judicial resources by "ensuring that an expensive and time-consuming trial will not be mooted by a late-filed motion under the Act," preventing "undue defense gamesmanship," and assigning to defendants the responsibility of identifying violations of the Act. Id. at 502-03.

We have applied this principle from Zedner and the plain language of Section 3162(a)(2), observing that a defendant's

9

failure to make a timely motion to dismiss an indictment before the start of a new trial constitutes a waiver of the defendant's right to assert a violation of the Speedy Trial Act. United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008); cf. United States v. Cherry, 720 F.3d 161, 165-66 (4th Cir. 2013) (holding that a failure to file a motion to dismiss for a violation of the speedy indictment provision of the Act results in the same outcome, waiver, as a failure to timely raise a violation of the Act's speedy trial provision). To date, however, we have not addressed the question in a published decision whether plain error review is available to consider asserted violations of the Act not timely raised in the district court.

Answering that question here, we hold that plain error review is not available for consideration of Speedy Trial Act claims that were not timely asserted in the district court. This conclusion is required by the express language of the waiver provision, which states that the failure to file a motion to dismiss before trial "shall" constitute a "waiver of the right to dismissal" under the Act. 18 U.S.C. § 3162(a)(2). Under the unambiguous terms of the statute, "waiver of the right to dismissal" is the only possible outcome of a defendant's failure to file a timely motion to dismiss under the Act. Therefore, because Section 3162(a)(2) specifies that such a "waiver" occurs when a defendant fails to timely assert a Speedy

10

Trial Act violation in the district court, we are not permitted to conduct any appellate review, for plain error or otherwise, of Mosteller's claim.

Our holding is in accord with the nearly unanimous views of our sister circuits that have considered this issue. In reaching their respective holdings, our sister circuits also have relied on the express language of Section 3162(a)(2). See United States v. Littrice, 666 F.3d 1053, 1059 (7th Cir. 2012) (rejecting defendant's argument that the court should review for plain error an assertion that the Act was violated, despite defendant's failure to move to dismiss in the district court); United States v. Abad, 514 F.3d 271, 274 (2d Cir. 2008) (per curiam) (same); United States v. Spagnuolo, 469 F.3d 39, 46 (1st Cir. 2006) (same); United States v. Gamboa, 439 F.3d 796, 804 (8th Cir. 2006) (same); United States v. Gomez, 67 F.3d 1515, 1519-20 (10th Cir. 1995) (same); see also United States v. Reagan, 725 F.3d 471, 486-87 (5th Cir. 2013) (declining to consider defendant's argument that the Act was violated in the absence of a motion to dismiss in the district court, but considering under the plain error standard of review defendant's argument asserting a violation of the Sixth Amendment's speedy trial provision that was not raised at trial); United States v.

11

McDaniel, 631 F.3d 1204, 1209 n.2 (11th Cir. 2011) (same).[5]  But see United States v. Carrasco, 257 F.3d 1045, 1050-53 (9th Cir. 2001) (applying plain error review to Speedy Trial Act claim that was not raised in a motion to dismiss in the district court) (discussed below).

As the Seventh Circuit observed in Littrice, plain error review is unavailable because the express language of Section 3162(a)(2) specifies that a violation not timely asserted before a new trial begins is waived, rather than merely forfeited.  666 F.3d at 1059; see also United States v. Hassebrock, 663 F.3d 906, 912 (7th Cir. 2011) (observing that "the Act sets forth waiver as the sole consequence for failing to assert the claim below"); United States v. Morgan, 384 F.3d 439, 443 (7th Cir. 2004) (the Act is clear that "a defendant's failure to move to dismiss the indictment constitutes a waiver—not a forfeiture—of his rights under the Act").  Similarly, the Tenth Circuit in

---

[5] In addition to the above cases, three other circuits have concluded that a defendant's failure to move for dismissal under the Speedy Trial Act prior to trial results in a waiver of the right to dismissal under the Act.  See United States v. Hines, 694 F.3d 112, 117-20 (D.C. Cir. 2012); United States v. Palma-Ruedas, 121 F.3d 841, 855 (3d Cir. 1997), rev'd on other grounds sub nom. United States v. Rodriguez-Moreno, 526 U.S. 275 (1999); United States v. White, 985 F.2d 271, 274-75 (6th Cir. 1993). However, these circuits do not appear to have addressed the issue whether plain error review is available for asserted violations of the Act that were not timely raised in the district court.

*Gomez* noted that the Act "unequivocally provides" that waiver results from a defendant's failure to move for dismissal prior to trial.[6]  67 F.3d at 1520.

We are not persuaded by Mosteller's reliance on the Ninth Circuit's decision in *Carrasco*, which appears to be the only published federal appellate decision currently permitting plain error review of a claim under the Act that was not timely raised in the district court.[7]  In *Carrasco*, the Ninth Circuit engaged in plain error review of the defendant's argument, but the court did not mention the waiver provision contained in Section 3162(a)(2), nor did the court engage in any analysis explaining why plain error review was available.  See 257 F.3d at 1050-53. Thus, it appears that the issue whether the waiver provision

---

[6] We note that although plain error review is unavailable for speedy trial claims under the Act, a claim under the speedy trial clause of the Sixth Amendment may be reviewed for plain error even if that constitutional claim was not raised below. See United States v. Gearhart, 576 F.3d 459, 462-63 (7th Cir. 2009) (discussing the differences between a Sixth Amendment speedy trial claim and a claim under the Act); see generally United States v. Burgess, 684 F.3d 445, 451-52 (4th Cir. 2012) (discussing four-factor balancing test employed in resolving claims under the Sixth Amendment's speedy trial clause). However, as we already have observed, Mosteller has not asserted a speedy trial claim under the Sixth Amendment.

[7] Two circuits have criticized their own previous decisions that engaged in plain error review of asserted violations of the Act that were not timely raised in the district court, explaining that such review should not have been conducted. See Abad, 514 F.3d at 274; Morgan, 384 F.3d at 442-43; see also Hassebrock, 663 F.3d at 912.

13

precludes plain error review was not presented as an issue by the parties in Carrasco. Accordingly, the Carrasco decision does not persuade us to reach a conclusion different from those of our other sister circuits.[8]

We reiterate that the plain language of Section 3162(a)(2) is unequivocal in requiring that a defendant move for dismissal of an indictment before the beginning of a new trial or suffer a statutorily imposed waiver of rights under the Act. Accordingly, we conclude that we may not review for plain error Mosteller's argument asserting a violation of the Act.[9]

---

[8] We further observe that Mosteller does not argue on brief that the district court's grant of a mistrial on the condition that Mosteller waive her rights under the Act caused her trial counsel's failure to preserve her statutory speedy trial rights before the start of the second trial. Accordingly, we need not consider this issue. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) (contentions not raised in argument section of the opening brief are abandoned).

[9] We have reviewed the issues raised in Mosteller's counsel's Anders brief, and we conclude that the retrial did not result in a violation of the Double Jeopardy Clause, which provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. When a defendant moves for a mistrial, the government may retry the defendant without violating the Double Jeopardy Clause unless the government's conduct was "intended to goad" the defendant into seeking the mistrial. Oregon v. Kennedy, 456 U.S. 667, 676 (1982) (citation and internal quotation marks omitted); see also United States v. Smith, 441 F.3d 254, 265 (4th Cir. 2006) (same). Upon our review of the record, we conclude that the government did not intentionally induce Mosteller into moving for a mistrial. Additionally, we have reviewed the other issues contained in Mosteller's pro se (Continued)

14

III.

For these reasons, we affirm the district court's judgment.

AFFIRMED

<hr />

supplemental brief, and we conclude that those issues are without merit.