**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4312**
_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

LAMONT DECORTEZ WHEELER,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:11-cr-02343-RBH-1)

_____

Submitted:  November 25, 2014     Decided:  December 4, 2014

_____

Before NIEMEYER, SHEDD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

G. Wells Dickson, Jr., WELLS DICKSON, P.A., Kingstree, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Decortez Wheeler appeals his convictions and the 300-month aggregate downward variance sentence imposed following his jury trial on multiple charges arising out of a drug trafficking conspiracy. Wheeler's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal, but questioning Wheeler's competency to stand trial, the court's failure to give a cautionary Fed. R. Evid. 404(b) instruction when admitting evidence of Wheeler's prior state convictions, the sufficiency of the evidence, and the reasonableness of Wheeler's sentence. We affirm.

Wheeler first questions the district court's ruling that he was competent to stand trial. We review a district court's competency determination for clear error. United States v. Robinson, 404 F.3d 850, 856 (4th Cir. 2005). A defendant shall be considered incompetent if the district court finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d) (2012). The defendant bears the burden of proving by a preponderance of the evidence that he is incompetent. 18

U.S.C. § 4241(d); <u>Cooper v. Oklahoma</u>, 517 U.S. 348, 362 (1996); <u>Robinson</u>, 404 F.3d at 856.

"Medical opinions are usually persuasive evidence on the question of whether a sufficient doubt exists as to the defendant's competence." <u>United States v. General</u>, 278 F.3d 389, 398 (4th Cir. 2002) (internal quotation marks omitted). Here, a forensic psychologist conducted two evaluations of Wheeler, each spanning several weeks. Both times, she concluded that he was competent to stand trial, finding that, despite past mental health issues, Wheeler did not have an active mental illness that would affect his competency, he demonstrated an understanding of the charges against him and the courtroom proceedings, and he could assist counsel in his defense. Although defense counsel's law partner reported that communication with Wheeler had been difficult and, on one occasion, Wheeler exhibited bizarre, irrational behavior, this testimony was merely anecdotal and not sufficient to override the psychologist's professional opinion. We conclude that Wheeler failed to meet his burden and that the district court did not clearly err in concluding that he was competent to stand trial.

Next, Wheeler questions whether the district court abused its discretion by declining to give a cautionary instruction pursuant to Fed. R. Evid. 404(b) when the Government

3

introduced evidence of his March 2008 felony drug convictions. This Court reviews a district court's evidentiary rulings for abuse of discretion. United States v. Taylor, 754 F.3d 217, 226 n.* (4th Cir.), petition for cert. filed, ___ S. Ct. ___ (Sept. 4, 2014) (No. 14-6166).

Rule 404(b) prohibits the admission of evidence of other wrongs or bad acts solely to prove a defendant's bad character, but the Rule 404(b) inquiry applies only to evidence of acts extrinsic to the ones charged. Intrinsic acts are not limited by Rule 404(b). United States v. Otuya, 720 F.3d 183, 188 (4th Cir. 2013), cert. denied, 134 S. Ct. 1279 (2014). Evidence is intrinsic if it is "inextricably intertwined" with evidence of the charged offenses and forms an integral part of the testimony concerning those offenses. United States v. Lighty, 616 F.3d 321, 352 (4th Cir. 2010).

The evidence of Wheeler's March 2008 felony drug convictions was properly introduced as intrinsic to the charged offenses. The underlying offenses occurred in December 2006 and November 2007, in the middle of the time charged in the conspiracy and occurred at the same location as the majority of the transactions charged in the indictment. Furthermore, the convictions involved crack, one of the substances charged in the indictment. Because evidence of Wheeler's 2008 felony drug convictions was clearly intertwined with the charged offenses,

4

we conclude that it concerned acts that were intrinsic to the charged offenses. Accordingly, no cautionary instruction was necessary.

Next, Wheeler questions whether the evidence was sufficient to support each of his convictions. This court must uphold a jury verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support it. Burks v. United States, 437 U.S. 1, 17 (1978); United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). In reviewing the sufficiency of the evidence, we accord the Government "the benefit of all reasonable inferences from the facts proven to those sought to be established," United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), and do not weigh the credibility of the evidence or resolve any conflicts in the evidence. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks omitted).

The jury found Wheeler guilty on Count One, conspiracy to possess with intent to distribute and to distribute cocaine and crack, in violation of 21 U.S.C. § 846 (2012), specifically finding him accountable for less than 500 grams of cocaine and 280 grams or more of crack. To prove the conspiracy, the Government had to establish that (1) an agreement existed

5

between two or more individuals to distribute and possess with intent to distribute cocaine and crack; (2) Wheeler knew about the conspiracy; and (3) he "knowingly and voluntarily became a part of this conspiracy." United States v. Hackley, 662 F.3d 671, 678 (4th Cir. 2011) (internal quotation marks omitted). The Government also had to prove beyond a reasonable doubt that the conspiracy involved at least 280 grams of cocaine. 21 U.S.C. § 841(b)(1)(A) (providing enhanced statutory sentencing range for 280 grams or more of crack); see United States v. Brooks, 524 F.3d 549, 557 (4th Cir. 2008) (recognizing that after Apprendi v. New Jersey, 530 U.S. 466 (2000), "specific threshold drug quantities must be treated as elements of aggravated drug trafficking offenses, rather than as mere sentencing factors" (internal quotation marks omitted)); see also Alleyne v. United States, 133 S. Ct. 2151, 2156 (2013) (extending Apprendi to statutory minimum sentences).

The evidence presented at trial established that Wheeler engaged in the trafficking of crack and cocaine at his trailer from as early as 2000 until Wheeler's arrest in 2011. In particular, on numerous occasions, Darren Monroe cooked cocaine into crack for Wheeler, which Wheeler then sold. In addition to the other evidence of the quantities of crack and cocaine Wheeler bought and sold, Monroe estimated that he cooked a total of one to two kilograms of crack for Wheeler.

6

Furthermore, a search of Wheeler's trailer in December 2009 revealed ample evidence of drug trafficking, including two sets of scales, baggies containing crack and powder cocaine, and a loaded pistol. Also, more than $2000 in cash was recovered from Wheeler's person. United States v. Carrasco, 257 F.3d 1045, 1048 (9th Cir. 2001) (stating that scales are known tools of drug trade); United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999) (noting that Rolex watch, a wad of currency in the amount of $1055, and a handgun were all indicia of drug dealing). We conclude that the evidence was sufficient to prove beyond a reasonable doubt the conspiracy charged in Count One.

To sustain Wheeler's convictions for possession with intent to distribute crack, in violation of 21 U.S.C. § 841(a)(1) (2012) (Counts Two, Four, and Eight), the Government had to show that, on August 19, 2009, December 10, 2009, and August 29, 2011, Wheeler: (1) possessed crack, (2) that he did so knowingly, and (3) that he intended to distribute it. United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir. 2011). The evidence presented at trial showed that a cooperating witness, Larry Lane, made a controlled buy of 0.15 grams of crack from Wheeler at his trailer in Latta, South Carolina, on August 21, 2009, and another cooperating witness, Margaret Goss, made a controlled buy of 0.3 grams of crack from Wheeler at his trailer in Latta, South Carolina, on August 29, 2011. On December 10,

7

2009, Wheeler was arrested with over $2000 on his person and, as previously stated, two sets of scales, baggies containing crack and cocaine, a loaded firearm, and other indicia of drug trafficking were recovered from his trailer. This evidence was sufficient to support Wheeler's convictions on the three substantive § 841 counts.

Counts Five and Six respectively charged Wheeler with violating 18 U.S.C. §§ 922(g)(1) and 924(c) (2012) on or about December 10, 2009. To establish a violation of 18 U.S.C. § 922(g)(1), the Government had to show that: (1) Wheeler was a convicted felon; (2) he knowingly possessed a firearm; and (3) the firearm traveled in interstate commerce. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). To sustain the § 924(c)(1)(A) conviction, the Government had to establish two elements: (1) Wheeler used or carried a firearm and (2) "did so during and in relation to a drug trafficking crime." United States v. Strayhorn, 743 F.3d 917, 925 (4th Cir.), cert. denied, 134 S. Ct. 2689 (2014).

Wheeler stipulated that he had previously been convicted of a felony. The evidence presented at trial showed that, on December 10, 2009, law enforcement recovered from a bedroom in Wheeler's trailer a pistol that was next to his driver's license and established an interstate nexus for the pistol. As previously stated, substantial evidence of drug

8

trafficking was recovered from his trailer on this date. Furthermore, witnesses testified that they saw guns at Wheeler's residence where he engaged in drug trafficking. We conclude that the evidence was sufficient to support Wheeler's firearms convictions.

Finally, Wheeler challenges the reasonableness of his downward variance sentence. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentence "within or below a properly calculated Guidelines range is presumptively reasonable [on appeal]." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 295 (2014). The defendant bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." Id. We conclude that Wheeler failed to rebut the presumption of reasonableness afforded his below-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Wheeler's convictions and sentence. This court requires that counsel inform Wheeler, in writing, of the right to petition the Supreme Court of the United States for further review. If Wheeler requests that a petition be filed, but counsel believes that such a petition would be frivolous,

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wheeler. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED